UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JASON FULTON

       Plaintiff

v.

WELLS FARGO BANK, N.A.

       Defendant

**COMPLAINT AND JURY DEMAND**

## NATURE OF THE CASE

1.     Wells Fargo wrongfully denied Jason Fulton for a mortgage modification based on a purported contractual limitation prohibiting it from capitalizing escrow and corporate advances. This alleged restriction, though, does not exist. Alternatively, any such restriction is unenforceable as it violates standard industry practices and established federal and state policies of preventing unnecessary foreclosures. Wells Fargo publicly claims to help homeowners resolve arrears through mortgage modifications, and in fact solicited Fulton to seek such relief in this case at a time when it knew or should have known of the alleged contractual limitation. Accordingly, it was unfair and deceptive for Wells Fargo to wrongfully deny Fulton's mortgage modification.

2.     Fulton attempted to resolve this matter without court involvement by appealing the denial directly with Wells Fargo, pursuant to applicable federal regulations. Wells Fargo, however, allowed the same person who denied Fulton's modification application to also decide his appeal. This directly violated the appeal procedure

prescribed under federal law, evidenced a lack of good faith and fair dealing, and was

unfair and deceptive, as that person ultimately decided that no error had been made. As a

result, Fulton has been forced to file this litigation in order to obtain a fair and impartial

review of his claims.

## PARTIES

3.     Plaintiff Jason Fulton ("Fulton") is a natural person residing in his home

at 18 Beach Street, Woburn, Massachusetts 01801.

4.     Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a federally insured

depository institution, with a principal place of business at 101 N. Phillips Avenue, Sioux

Falls, South Dakota 57104.

## JURISDICTION AND VENUE

5.     The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§

1331 and 1332, as the parties are diverse; the amount in controversy exceeds $75,000; and

Count III of this action arises under federal law.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Fulton's

property is situated in the District of Massachusetts and a substantial part of the events

giving rise to Fulton's claims occurred in the District of Massachusetts.

## COMMON FACTS

7.     Fulton purchased his home in 2005 for $500,000. His total down payment

on the purchase was less than or equal to 5.0% of the total price. In order to finance the

remaining portion of the purchase price, he entered into a mortgage loan for $408,000 and a second mortgage loan for $73,000.

8.      Fulton's first mortgage loan was issued by MortgageIt, Inc., and was secured by a mortgage to Mortgage Electronic Registration Systems, Inc.

9.      The mortgage has purportedly been assigned three times. Most recently, it was assigned to U.S. Bank National Association, as Trustee for Banc of America Funding Corporation 2007-4 ("Trustee").

10.      The current mortgage servicer is America's Servicing Company, a subsidiary of Wells Fargo.

11.      Fulton is a self-employed plumber specializing in remodeling and ground-up infrastructure construction. He earns gross income of approximately $87,900 per year (or $7,325 per month)

12.      Although Fulton can afford to make ongoing mortgage payments, he cannot afford a lump sum payment to cure the mortgage arrears that accrued during a prior time of hardship. Like many self-employed individuals, his income drastically reduced due to the downturn of the economy in the late 2000s, and he fell behind on his mortgage.

13.      Fulton's mortgage has been accelerated and he is no longer allowed to make monthly payments to Wells Fargo, even though he can now afford to do so.

14.      Fulton wants to remain in his home and pay his mortgage. He has made a good faith effort to avoid foreclosure on his home by applying to Wells Fargo for a mortgage modification.

15.     Both the federal government and the Commonwealth of Massachusetts have established clear policies in favor of avoiding unnecessary foreclosures.

16.     Wells Fargo participates in the Home Affordable Modification Program ("HAMP").

17.     As a matter of federal and state law, HAMP guidelines are considered standard industry practice in the field of mortgage modifications. 15 U.S.C. § 1639a(c).

18.     Fulton applied for a mortgage modification with Wells Fargo on approximately April 2, 2015.

19.     There are two separate modification programs under HAMP: Tier 1 and Tier 2.

20.     Under HAMP Tier 1, the goal is to modify the terms of a mortgage such that the new payment is equal to 31% of a borrower's gross monthly income. This payment reduction is accomplished by following a series of steps that modify different aspects of a loan until the target payment is reached. First, the past due interest and escrow arrears are capitalized in order to bring the loan current. Second, the interest rate is reduced by increments of 0.125% up to a floor of 2.00%. Third, the term of the loan is extended up to a maximum of 40 years from the effective date of the modification. Finally, if necessary, a lender can forbear up to 30% of the capitalized principal balance in a lump sum payment due at maturity.

21.     Under HAMP Tier 1 guidelines, if there is a contractual restriction prohibiting a servicer from capitalizing certain amounts, then "the servicer should, if allowable, forgive the amount that would otherwise be capitalized or establish a non-

interest bearing balloon payment (i.e., forbearance) due a maturity equal to the amount that would have been capitalized." MHA Handbook v. 4.5, c. II § 6.5.

22.     Based on Fulton's monthly income of $7,325, the Target Payment under HAMP Tier 1, 31% of his income, was $2,270.75. This Target Payment was achievable under the HAMP Tier 1 guidelines upon the following approximate terms: a capitalized balance of approximately $517,121.59; an interest rate of 2.00%, and a new term of 434 months.

23.     On April 30, 2015, Wells Fargo denied Fulton's HAMP Tier 1 application, stating that it did not have contractual authority to modify the loan because of limitations in its servicing agreement. Specifically, Wells Fargo claims that is prohibited from capitalizing escrow advances or corporate advances into a loan modification.

24.     Wells Fargo further stated that Fulton was denied a HAMP Tier 2 modification because it (1) did not have contractual authority to modify the loan because of limitations in its servicing agreement, (2) was unable to modify the mortgages based on the results of Fulton's net present value (NPV) evaluation, and (3) was unable to reduce Fulton's principal and interest payment by 10% or more (which is a requirement for a Tier 2 modification).

25.     Finally, Wells Fargo denied Fulton for a non-HAMP modification because it claimed: (1) it did not have contractual authority to modify the loan because of limitations in its servicing agreement; and (2) he had reached the allowable number of modifications, as he previously received a non-HAMP loan modification in 2010.

26.     The only basis for Fulton's HAMP Tier 1 denial was that it lacked contractual authority to modify the loan because of limitations in its servicing agreement. None of the additional bases for the HAMP Tier 2 and/or non-HAMP denials were claimed as factors in Fulton's HAMP Tier 1 denial.

27.     Moreover, the additional bases for Fulton's HAMP Tier 2 and non-HAMP denials were also wrongful. An NPV analysis confirms that a modification should have been approved. A HAMP Tier 2 modification would have resulted in a principal and interest payment reduction of at least 10%. And there is no contractual limitation outside of the HAMP Guidelines restricting the number of modifications that a homeowner could obtain.

28.     If there is a contractual limitation regarding a servicer's ability to modify the terms of a mortgage loan held in a securitized trust like Fulton's, then that restriction must be identified in the Trustee's pooling and servicing agreement.

29.     The Trustee's pooling and servicing agreement was filed with the Security and Exchange Commission, and is publicly available at

http://www.sec.gov/Archives/edgar/data/934377/000137943407000114/ex4_1.txt.

30.     The Trustee's pooling and servicing agreement does not contain any limitation prohibiting Wells Fargo from capitalizing escrow advances or corporate advances into a loan modification.

31.     On May 21, 2015 Fulton attempted to resolve this matter amicably without the need for litigation. He served Wells Fargo with a detailed appeal letter explaining its errors and requesting that he be approved for a modification.  Fulton provided the math

calculations that should have been used under a Tier 1 analysis. He provided a link to the Trustee's pooling and servicing agreement, and quoted the applicable language from the agreement to confirm that there is no contractual limitation preventing Wells Fargo from capitalizing escrow advances or corporate advances into a loan modification, or limiting the number of modifications that a homeowner could be approved for. Finally, he explained that the NPV analysis completed by Wells Fargo wrongful determined that he pays $496.52 per month for homeowner's association dues, when in fact he does not pay any such amount. He explained that if this error were fixed, Wells Fargo's calculations would have approved him for a modification. (**Exhibit A**).

32.     In response, Wells Fargo addressed Fulton's appeal in merely one conclusory sentence. It stated, "After carefully reviewing the information we currently have, we have determined that you still do not meet the requirements for a loan modification." No further explanation of the appeal decision was provided. (**Exhibit B**).

33.     The denial of Fulton's appeal was provided by Jannie Hall. Ms. Hall also provided the denial of Fulton's original modification denial.

## COUNT I:
## Negligent Misrepresentation

34.     The preceding allegations are incorporated by reference.

35.     Wells Fargo solicited Fulton to apply for a mortgage modification when it know or short had known that he could not be approved due to a purported contractual restriction.

36.     In reasonable reliance of Wells Fargo's representations, Fulton applied for a mortgage modification.

37.     Fulton relied on Wells Fargo's representations to his detriment, as he was denied for a modification based on a purported contractual restriction prohibiting Wells Fargo from approving him.

38.     Fulton suffered damages from his reliance on Wells Fargo's representations, as he's suffered the loss of equity in his home, increased mortgage arrears, increased costs of any modification he may ultimately be approved for, damage to his credit, stress and anxiety due to the increased risk of losing his family's home, complications from stress-induced asthma, and costs and legal expenses.

**COUNT II:**
**Violation of the Massachusetts Consumer Protection Act**
**G.L. c. 93A, § 2**

39.     The preceding allegations are incorporated by reference.

40.     Fulton is entitled to make a claim under G.L. c. 93A, § 9.

41.     Wells Fargo is engaged in trade or commerce in Massachusetts.

42.     Wells Fargo engaged in unfair and deceptive acts and practices by denying Fulton's HAMP Tier 1 modification based on a non-existent contractual limitation.

43.     Alternatively, even if this contractual limitation does exist, it violates clear public policy under state and federal law of avoiding unnecessary foreclosures by providing loan modifications.

44.     If lenders can deny otherwise eligible homeowners for a modification because they have escrow arrears, then the entire policies of preventing unnecessary

foreclosures would be undermined. Nearly every homeowner behind on mortgage payments will also be behind on escrow payments. This exception would eat away the rule, and should not be permitted.

45.     It is "universally accepted" that public policy sometimes outweighs the interest in freedom of contract, and in such cases the contract will not be enforced. *Beacon Hill Civic Ass'n v. Ristorante Toscano, Inc.,* 422 Mass. 318, 321, 662 N.E.2d 1015 (1996). *See also Kattar v. Demoulas*, 433 Mass. 1, 14-15, 739 N.E.2d 246, 258 (2000) ("Parties need not be in privity for their actions to come within reach of c. 93A."). As a result, mortgage servicing provisions that violate public policy are unenforceable.

46.     Moreover, even if this contractual limitation does exist and is enforceable, standard industry practices provide that Wells Fargo should have forgiven or forbeared the amount it was prohibited from capitalizing.

47.     As of August 21, 2015, the amount Wells Fargo claims it was prohibited from capitalizing totaled $26,425.31. This is roughly 5.1% of the total amount owed on the mortgage, which is well-within the 30% limitation for forbearances under standard industry practices.

48.     Wells Fargo failed to forgive or forbear the escrow and corporate advances in order to provide a loan modification. This action violated standard industry practices.

49.     Wells Fargo failed to consider forgiving or forbearing the escrow and corporate advances in order to provide a loan modification. This action violated standard industry practices.

50.     A violation of c. 93A, § 2 may be found where standard industry practices are breached. *Docos v. John Moriarty & Associates, Inc.,* 78 Mass. App. Ct. 638, 642 n. 8 (2011) (c. 93A merely requires compliance with standard industry practices, relevant government regulations, and internal policies); *Wasserman v. Agnastolpoulos*, 22 Mass. App. Ct. 672, 679 (1986) (it is the standard of the commercial market place).

51.     Fulton served a demand on Wells Fargo pursuant to G.L. c. 93A, § 9. (**Exhibit C**).

52.     Wells Fargo failed to respond with a reasonable settlement offer. (**Exhibit D**).

53.     Fulton suffered damages from Wells Fargo's unfair and deceptive acts, including but not limited to the loss of equity in his home, increased mortgage arrears, increased costs of any modification he may ultimately be approved for, damage to his credit, stress and anxiety due to the increased risk of losing his family's home, complications from stress-induced asthma, and costs and legal expenses.

## COUNT III:
### Violation of the Real Estate Settlement Procedures Act
### 12 U.S.C. § 2605(f)

54.     The preceding allegations are incorporated by reference.

55.     On May 21, 2015 Fulton served Wells Fargo with a detailed appeal request pursuant to 12 C.F.R. § 1024.41(h).

56.     Pursuant to 12 C.F.R. § 1024.41(h)(3), "an appeal shall be reviewed by different personnel than those responsible for evaluating the borrower's complete loss

mitigation application." "The appeal may be evaluated by supervisory personnel that are responsible for oversight of the personnel that conducted the initial evaluation, as long as the supervisory personnel were not directly involved in the initial evaluation." *Official Bureau Interpretations,* 12 C.F.R. § 1024.41(h)(3).

57.     In this case, Wells Fargo allowed the *same person* to provide a decision on the modification application as well as the appeal. There should be no doubt that this was improper, as Ms. Hall clearly had an incentive to sustain her prior decision.

58.     Pursuant to 12 C.F.R. § 1024.41(a), a violation of § 1024.41(h)(3) is enforceable pursuant to 12 U.S.C. § 2605(f).

59.     Pursuant to 12 U.S.C. § 2605(f), Wells Fargo is liable to Fulton for actual damages, statutory damages not to exceed $2,000 based upon a pattern or practice of noncompliance, and costs and attorney's fees.

60.     Fulton suffered damages from Wells Fargo's violation of § 1024.41(h)(3), including but not limited to the loss of equity in his home, increased mortgage arrears, increased costs of any modification he may ultimately be approved for, damage to his credit, stress and anxiety due to the increased risk of losing his family's home, complications from stress-induced asthma, and costs and legal expenses.

## REQUEST FOR RELIEF

WHEREFORE, Jason Fulton requests the following relief:

a) Judgment that Wells Fargo is liable for negligent misrepresentation;

b) Judgment that Wells Fargo violated G.L. c. 93A, § 2, and a resulting award of double or treble damages, costs, and attorney's fees;

c)  Judgment that Wells Fargo violated 12 U.S.C. § 2605(f), and a resulting award of actual damages, statutory damages, costs, and attorney's fees; and

d)  All other relief to which he may be entitled at law or equity.

## JURY DEMAND

Fulton demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Christopher M. Brine
Josef C. Culik (BBO #672665)
Christopher M. Brine (BBO #679289)
CULIK LAW PC
225 Franklin Street, 26th Floor
Boston, MA 02110
Tel  (617) 830-1795
Fax  (617) 830-1576
jculik@culiklaw.com
cbrine@culiklaw.com

March 24, 2016                    Attorneys for Plaintiff Jason Fulton



Page 7 of 7

# Appeal Request Form

Carefully read over the letter that came with this form, which states America's Servicing Company's decision. If you believe our decision is incorrect and want to appeal the decision, we recommend you use this form to submit a written appeal.

**Important:**

- We must receive your written request for an appeal or a phone-initiated appeal request within 30 days from the date of this letter, or we will not move forward with a review of the decision. While not required, please provide any additional information (as applicable) that will help us look into your request.
- If you are disputing the value of your property used in the decision, you must indicate the specific value you believe is more accurate in your explanation below.

Please explain the reason you disagree with the decision.
    Please see the enclosed written appeal and supporting documents.

**Select and check the box that best applies to your request:**

☒ Option A. I want to appeal the decision I received. I have enclosed additional information for your consideration, and/or I have no further information to provide. I understand America's Servicing Company will review the decision immediately based on the additional information I have provided (if applicable), or on the information they currently have.

( ) Option B. I will be appealing the decision I received. I will submit additional information for your consideration at a later time. I understand that if America's Servicing Company does not receive my additional information within 30 days from the date of this letter, America's Servicing Company will immediately move forward with a review of the decision.

**Please note:** If you do not specify your intention for providing additional information by selecting one of the two options above, America's Servicing Company will follow the process described in Option B.

Be sure to include your loan number on any supporting documents.

JASON FULTON
1317009496
Primary contact phone number: (617) 830-1795 x58 (Culik Law PC)
Other contact phone numbers: _____

Best day and time to call: 8am-4pm est Monday-Friday

**Mail your appeal request to:**          **Or fax your appeal request to:**
1000 Blue Gentian Road                   1-866-590-8910
Suite 300 MAC X9999-01N
Eagan, MN 55121



HP601 106
000227/000247 ACSXXS S1-E6-M1-C001

# CULIK LAW PC

Champion Your Rights®

18 COMMERCE WAY, SUITE 2850
WOBURN, MASSACHUSETTS 01801

P  (617) 830 1795
F  (617) 830 1576

culiklaw.com

May 21, 2015

VIA FAX (866) 590-8910

America's Servicing Company
1000 Blue Gentian Road
Suite 300 MAC X9999-01N
Eagan, MN 55121

**Re:     Jason Fulton**
**18 Beach Street, Woburn, Massachusetts 01801**
**Loan No. 1317009496**

Dear Sir or Madam:

This office represents the above-referenced borrower. Please note the enclosed
authorization and direct any further communication to me.

Your organization has committed an error in the process of servicing this mortgage.
Specifically, it improperly denied Mr. Fulton's recent request for a mortgage
modification under the Home Affordable Modification Program (HAMP). A copy of two
separate denials for this application are enclosed (collectively, **Exhibit A**), which states
that ASC denied Mr. Fulton's application because: (1) it was unable to create a modified
payment under program requirements based on Mr. Fulton's calculated gross monthly
income of $7,325; (2) it does not have contractual authority to modify the loan due to
limitations in its servicing agreement; (3) Mr. Fulton has exceeded the allowable number
of modifications; and (4) the net present value (NPV) evaluation was negative. As
discussed below, each of these claimed rationales are incorrect.

ASC's denials state that it services Mr. Fulton's mortgage on behalf of an investor,
BAFC 2007-4. The pooling and servicing agreement for this trust is publicly available at
http://www.sec.gov/Archives/edgar/data/934377/000137943407000114/ex4_1.txt.

## I.   HAMP Waterfall Calculation

HAMP follows a multi-step process for evaluating a homeowner for a loan modification. The goal is to reduce a homeowner's monthly mortgage payment of principal, interest, taxes, insurance, and homeowners association or condo does (PITIA) to 31% of the gross monthly income (the Target Payment). This payment reduction is accomplished by following a series of steps that modifies different aspects of the loan until the Target Payment is reached.

First, the past-due amounts are capitalized, giving the homeowner a new principal balance. Second, the interest rate is reduced by increments of 0.125% to achieve a PITIA payment as close as possible to the Target Payment. If the second step does not reduce the PITIA payment to the Target Payment then the third step is taken. Third, the term of the loan is extended from 30 years (the term of most mortgages) to a maximum of 40 years. Finally, if the Target Payment still is not reached, the borrower can forbear up to 30% of the principal balance, putting it "on the back of the loan" so that the borrower does not pay interest on it. The homeowner must still repay this amount when the loan matures, or when the loan is refinanced or the house sold.

In this case, ASC calculated Mr. Fulton's monthly income to be $7,325.The Target Payment, 31% of income, then, was $2,270.75. The recapitalized mortgage balance would be $517,121.59, and the current unmodified interest rate is 4.00%

Additionally, the total annual real estate taxes are $4,814.27 and the annual homeowner's insurance premium is $2,139, making the monthly prorated escrow payment $579.44. There are no homeowner's association dues/fees.

Therefore, under the standard HAMP Tier 1 waterfall, this loan should have been modified as follows. First, the past-due amounts should have been capitalized, resulting in a new principal balance of $517,121.59. Second, the interest rate should be reduced to 2.00%. Third, the term of the mortgage should have been extended to 434 months. No principal forbearance would have been required. These steps would have resulted in a total monthly payment of $2,254.35, which is approximately the same amount as the Target Payment.

Accordingly, Mr. Fulton contends that ASC improperly determined that a modified payment could not be calculated within HAMP guidelines.

2

## II.   Investor Restriction

ASC also stated that Mr. Fulton's modification request was denied because it lacked authority to modify the loan under investor guidelines. As previously stated, however, the Pooling and Servicing Agreement for this loan is publicly available at http://www.sec.gov/Archives/edgar/data/934377/000137943407000114/ex4_1.txt.

Rather than prohibiting modifications, this Agreement makes clear that modifications can in fact be offered to delinquent borrowers such as Mr. Fulton. Specifically, Section 5.09(e) states:

> None of the Master Servicer, the Securities Administrator, the Trustee or any Servicer shall, unless the Mortgagor is in default with respect to the Mortgage Loan or such default is, in the judgment of the Servicer, reasonably foreseeable, permit any modification with respect to any Mortgage Loan that would (i) change the Mortgage Interest Rate, defer or forgive the payment thereof of any principal or interest payments, reduce the Stated Principal Balance (except for actual payments of principal) or extend the final maturity date with respect to such Mortgage Loan, (ii) affect adversely the status of any REMIC as a REMIC or (iii)cause any REMIC to be subject to a tax on "prohibited transactions" or "contributions" pursuant to the REMIC Provisions.

Accordingly, Mr. Fulton contends that ASC improperly determined that it lacked contractual authority to modify Mr. Fulton's loan due to restrictions in its servicing agreement.

## III.   Number of Modifications

ASC further stated that Mr. Fulton's modification request was denied be he has reached the allowable number of modifications. Mr. Fulton previously received a non-HAMP modification. (**Exhibit B**.) However, there is no such limitation the Pooling and Servicing Agreement and a prior non-HAMP modification should have no bearing on current HAMP eligibility. (*See* MHA Handbook, ch. II, § 1.1.2, *HAMP Tier 1 Eligibility Criteria*).

Accordingly, Mr. Fulton contends that ASC improperly determined that Mr. Fulton had exceeded the number of allowable modifications of his loan.

## IV.   NPV Analysis

Finally, ASC stated that Mr. Fulton's modification request was denied based on the results of his net present value analysis. ASC's NPV Input Data Values were provided with its denial.

3

Upon review of those inputs, it should be noted that Mr. Fulton does not have any homeowner's association dues/fees (**Exhibit C**.) ASC's determination that he pays $496.52 per month for such dues/fees was an error. When adjusted for this error, a corrected NPV analysis would confirm that Mr. Fulton should be approved for a modification.

Accordingly, Mr. Fulton contends that ASC improperly determined that Mr. Fulton's modification request could not be approved based on an NPV evaluation.

## V.   Conclusion

Based on the above-referenced errors, Mr. Fulton requests that he be approved for a modification. This request is made pursuant to Regulation X, 12 C.F.R. § 1024.41(h).

Sincerely,

Christopher M. Brine
Attorney

Encl.

4

EXHIBIT
**A**

Page 1 of 7

*AMERICA'S SERVICING CO.*
*RETURN MAIL OPERATIONS*
*PO BOX 10388*
*DES MOINES IA 50306-0388*

RECEIVED MAY 0 6 2015

**ASC**
**AMERICA'S SERVICING COMPANY**

04/30/15

2SP      00041/000227/000241 0001  7 ACSXX5HP601 106

CHRISTOPHER M BRINE
CULIK LAW PC
18 COMMERCE WAY
SUITE 2850
WOBURN, MA  01801-1056

| **Account Information** | |
|---|---|
| Fax: | 1-866-590-8910 |
| Telephone: | 1-800-416-1472 |
| Correspondence: | PO Box 10335 |
| | Des Moines, IA 50306 |
| Hours of operation: | Mon - Thurs, 7 a.m. - 9 p.m., |
| | Fri, 7 a.m. - 8 p.m., |
| | Sat, 8 a.m. - 4 p.m., CT |
| Loan number: | 1317009496 |
| Property address: | 18 BEACH STREET |
| | WOBURN MA, 01801 |

Subject: Action required regarding your client's Home Preservation review
Mortgagor(s): JASON FULTON
Loan number: 1317009496

Dear CHRISTOPHER M BRINE:

I have enclosed a copy of correspondence that must be passed along to your client which provides time sensitive information about a Home Preservation review on their property.

**Next steps required**
Please review the attached documents with next steps including any documentation needed to continue the review and ensure that you or your client responds within the given timeframes.

**I'm here to help**
As your client's home preservation specialist, I'm standing by to help with your client's needs. If you have any questions about the information in this letter, you can reach me at the phone number listed below.

Sincerely,

*Jannie Hall*

Jannie Hall
Home Preservation Specialist
America's Servicing Company
Ph: 1-8776852354 ext. 29322
Fax: 1-866-590-8910

Wells Fargo Home Mortgage, doing business as America's Servicing Company, is a division of Wells Fargo Bank, N.A.
© 2015 Wells Fargo Bank, N.A. All rights reserved. NMLSR ID 399801





HP601 106
00227/000241 ACSXX5 S1-E6-M1-C001

1061317009496HP601

**Account Information**

| | |
|---|---|
| **Fax:** | 1-866-590-8910 |
| **Telephone:** | 1-800-416-1472 |
| **Correspondence:** | PO Box 10335 |
| | Des Moines, IA 50306 |
| **Hours of operation:** | Mon - Thurs, 7 a.m. - 9 p.m., |
| | Fri, 7 a.m. - 8 p.m., |
| | Sat, 8 a.m. - 4 p.m., CT |
| **Loan number:** | 1317009496 |
| **Property address:** | 18 BEACH STREET |
| | WOBURN MA, 01801 |

04/30/15

JASON FULTON

18 BEACH STREET

WOBURN, MA  01801

PLEASE NOTE: This notice is being provided for informational purposes only. As a result of at least one bankruptcy case filing that included the above referenced account, America's Servicing Company is NOT attempting in any way to violate any provision of the United States Bankruptcy Code or to collect a debt (deficiency or otherwise) from any customer(s) who is impacted by an active bankruptcy case or has received a discharge, where the account was not otherwise reaffirmed or excepted from discharge. THIS IS NOT A BILL OR A REQUEST FOR PAYMENT AS TO THESE CUSTOMER(S). Your decision to discuss workout options with America's Servicing Company is strictly voluntary. You are not obligated to pursue any workout options discussed with us. At your request, we will immediately terminate any such discussions should you no longer wish to pursue these options.

Subject: Your request for assistance
Note: We service your mortgage on behalf of your investor, BAFC 2007-4.

Dear JASON FULTON:

We're responding to your request for assistance and the options that may be available to help you. We realize that the process can take some time, and we appreciate your patience while we review your options.

**Here's what we found**





HP601 106
000227/000242 ACSXX5 S1-E6-M1-C001

1061317009496HP601

We carefully reviewed the information you provided us, which included a process that compared your information to the qualifications for assistance associated with your loan. Here is the result of that review.

Program name: Cap-to-Reinstate
Program description: A Cap-to-Reinstate Modification Plan provides relief to customers who are delinquent by adding the past-due balance into the customer's mortgage principal, which is eventually paid off by the modified payment amount.

At this time, you do not meet the requirements of this program because:
Based on the documentation you provided, we are unable to create an affordable mortgage payment that still meets the requirements of the program. We reached this decision by reviewing your monthly gross income, which is calculated as $7,325.00, along with reviewing the other information you provided. Your gross monthly income is your income before taxes and other deductions.

You or a co-borrower have reached the allowable number of modifications.

We do not have the contractual authority to modify your loan because of limitations in our servicing agreement.

Program name: Loan Modification
Program description: A loan modification is a written agreement that modifies a customer's original loan terms to create more affordable payments. This home preservation option is available to customers whose loan is in default or imminent default (one or more payments are -- or will soon be -- more than 30 days late) and whose debt-to-income ratio meets product qualification guidelines.

At this time, you do not meet the requirements of this program because:
You or a co-borrower have reached the allowable number of modifications.

We do not have the contractual authority to modify your loan because of limitations in our servicing agreement.

Program name: Repayment Plan
Program description: A repayment plan is a home preservation option for a customer who is able to make larger-than-normal monthly mortgage payments but cannot pay the outstanding balance due in a lump sum to bring their delinquency current. The repayment plan allows a financially able customer to bring their delinquency current within an agreed-upon period. At the end of the repayment plan period, the customer goes back to making their normal monthly mortgage payments.

At this time, you do not meet the requirements of this program because:
Any available mortgage assistance programs would conflict with the terms of your current bankruptcy plan or increase your payment.

Once we determined that you did not meet the requirements for a particular program, we did not continue to evaluate that program based on other criteria related to your loan type or information you



HP601 106
000227/000243 ACSXX5 S1-E6-M1-C001



1061317009496HP601

may have supplied. Instead we moved to evaluate you for the next available program based on your information and the qualifications associated with your loan.

**You have the right to appeal this decision**
Carefully read over this letter, which states America's Servicing Company's decision. If you believe the decision is incorrect and want to appeal the decision, you may submit your appeal request in writing or by phone.

If you choose to submit your appeal request in writing, we have enclosed an Appeal Request Form for your convenience. Or you can write a letter of your own that explains the reason you disagree with the decision.

You can initiate an appeal in one of three ways:
1. Fax your appeal request to 1-866-590-8910.

2. Mail your appeal request to:
1000 Blue Gentian Road,
Suite 300 MAC X9999-01N,
Eagan, MN 55121

3. Call 1-877-816-4914 and follow the prompts.

If you choose to submit your appeal request in writing, by fax or mail -- using the enclosed form or a letter of your own -- please specify which of these two options applies to you:

Option A. I want to appeal the decision I received. I have enclosed additional information for your consideration, and/or I have no further information to provide. I understand America's Servicing Company will review the decision immediately based on the additional information I have provided (if applicable), or on the information they currently have.

Option B. I will be appealing the decision I received. I will submit additional information for your consideration at a later time. I understand that if America's Servicing Company does not receive my additional information within 30 calendar days from the date of this letter, America's Servicing Company will immediately move forward with a review of the decision.

Appeal request guidelines:
· If you do not specify your intention for providing additional information, by selecting one of the two options above, we will follow the process described in Option B.
· If you are disputing the value of your property used in the decision, you must indicate the specific value you believe is more accurate.
· We must receive your appeal request, with any additional information (as applicable) within 30 calendar days from the date of this letter.
· After an appeal is initiated, if you selected Option B and we do not receive your additional information within 30 calendar days from the date of this letter, we will review the decision based on the information we have at that time.
· You may have recently received a separate communication regarding another review we completed.





Our decision regarding that review may also be appealable, subject to the timelines and guidelines here.
· Be sure to include your loan number on your appeal request and any additional information.
· If you choose to initiate your request by phone, make sure to have your loan number available and follow the phone prompts carefully.

Please note
After we receive your appeal request, you will receive a letter that confirms receipt of your request and outlines next steps in the appeal process. As your home preservation specialist, I remain available to assist you with any questions you may have about this letter, but you must initiate an appeal request in one of the three ways listed above.

**Talk to me about your other options**
There may be other options available to help you avoid a foreclosure sale, provided you meet the requirements.

If the amount you owe on your mortgage is higher than what you think you can sell your house for, you may want to consider what is known as a "short sale." This option could allow you to list your home for sale, for an amount that is less than you owe.

During the short sale process, you'll need to submit documentation to us that we will evaluate. For example, a short sale requires a purchase contract. Once we receive a purchase contract America's Servicing Company will review the terms of the contract and obtain the appraised value of the property.

If you are interested in a short sale, contact me right away. I can help explain the short sale process, guidelines and your eligibility.

If you are unable to sell your home or find a short sale is not the right alternative to foreclosure for you, another option to consider might be a deed in lieu of foreclosure, sometimes referred to as a Mortgage Release. If you are interested in a deed in lieu of foreclosure, please contact me right away so we can determine your eligibility and coordinate an appraisal and inspection of your property.

Keep in mind, if you accept a deed in lieu of foreclosure, you must agree to vacate the property within an agreed upon time.

**We're here for you**
If you have any questions about the information in this letter please call me at the phone number listed below.

Sincerely,

*Jannie Hall*

Jannie Hall
Home Preservation Specialist



HP601 106
000227/000245 ACSXX5 S1-E6-M1-C001



1061317009496HP601

America's Servicing Company
Ph: 1-8776852354 ext. 29322
Fax: 1-866-590-8910

**Contact us**
If you'd like to request information, notify us of an error, or share any concerns you may have about the servicing of your loan, please contact us at P.O. Box 10335, Des Moines, IA 50306.

---

**Get free counseling to help manage expenses and avoid foreclosure.**
Reach out to a local HUD-approved, non-profit housing counseling agency if you're struggling to keep up with monthly expenses, or want help to avoid foreclosure. At no cost, a counselor will work closely with you, providing the information and assistance you need. To find an agency near you, go to www.hud.gov/offices/hsg/sfh/hcc/fc. Or call 1-800-569-4287 (TDD 1-800-877-8339). You can also call HOPE Hotline at 1-888-995-HOPE (4673).

Be sure you avoid anyone who asks for a fee for counseling or a loan modification, or asks you to sign over the deed to your home, or to make your mortgage payments to anyone other than America's Servicing Company.

---

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is Bureau of Consumer Financial Protection, 1700 G Street NW., Washington DC 20006.

Wells Fargo Home Mortgage, doing business as America's Servicing Company, is a division of Wells Fargo Bank, N.A.
© 2015 Wells Fargo Bank, N.A. All rights reserved. NMLSR ID 399801



HP601 106
000227/000246 ACSXX5 S1-E6-M1-C001



1061317009496HP601

# Appeal Request Form

Carefully read over the letter that came with this form, which states America's Servicing Company's decision. If you believe our decision is incorrect and want to appeal the decision, we recommend you use this form to submit a written appeal.

**Important:**
- We must receive your written request for an appeal or a phone-initiated appeal request within 30 days from the date of this letter, or we will not move forward with a review of the decision. While not required, please provide any additional information (as applicable) that will help us look into your request.
- If you are disputing the value of your property used in the decision, you must indicate the specific value you believe is more accurate in your explanation below.

Please explain the reason you disagree with the decision.

_____
_____
_____
_____
_____
_____
_____

**Select and check the box that best applies to your request:**

( ) Option A. I want to appeal the decision I received. I have enclosed additional information for your consideration, and/or I have no further information to provide. I understand America's Servicing Company will review the decision immediately based on the additional information I have provided (if applicable), or on the information they currently have.

( ) Option B. I will be appealing the decision I received. I will submit additional information for your consideration at a later time. I understand that if America's Servicing Company does not receive my additional information within 30 days from the date of this letter, America's Servicing Company will immediately move forward with a review of the decision.

**Please note:** If you do not specify your intention for providing additional information by selecting one of the two options above, America's Servicing Company will follow the process described in Option B.

Be sure to include your loan number on any supporting documents.

JASON FULTON
1317009496
Primary contact phone number: _____
Other contact phone numbers: _____
_____
Best day and time to call: _____

**Mail your appeal request to:**          **Or fax your appeal request to:**
1000 Blue Gentian Road                    1-866-590-8910
Suite 300 MAC X9999-01N
Eagan, MN 55121





HP601 106
000227/000247 ACSXX5 S1-E6-M1-C001

*AMERICA'S SERVICING CO.*
*RETURN MAIL OPERATIONS*
*PO BOX 10388*
*DES MOINES IA 50306-0388*

‹ **RECEIVED** MAY 0 6 2015

4SP    00001/000232/000001 0001  15 ACSXX5HP602 106

CHRISTOPHER M BRINE
CULIK LAW PC
18 COMMERCE WAY
SUITE 2850
WOBURN, MA  01801-1056





1061317009496HP602

*AMERICA'S SERVICING CO.*
*RETURN MAIL OPERATIONS*
*PO BOX 10388*
*DES MOINES IA 50306-0388*



04/30/15

Կ|Ո|Կ||ՈՈ||Ո||Ո|Կ|||Ո||Ո||Ո|Ո|Ո|Ո|||Ո||Ո|

4SP      00001/000232/000002 0001  15 ACSXX5HP602 106

CHRISTOPHER M BRINE
CULIK LAW PC
18 COMMERCE WAY
SUITE 2850
WOBURN, MA  01801-1056

| Account Information | |
| --- | --- |
| **Fax:** | 1-866-590-8910 |
| **Telephone:** | 1-800-416-1472 |
| **Correspondence:** | PO Box 10335 |
| | Des Moines, IA 50306 |
| **Hours of operation:** | Mon - Thurs, 7 a.m. - 9 p.m., |
| | Fri, 7 a.m. - 8 p.m., |
| | Sat, 8 a.m. - 4 p.m., CT |
| **Loan number:** | 1317009496 |
| **Property address:** | 18 BEACH STREET |
| | WOBURN MA, 01801 |

Subject: Action required regarding your client's Home Preservation review
Mortgagor(s): JASON FULTON
Loan number: 1317009496

Dear CHRISTOPHER M BRINE:

I have enclosed a copy of correspondence that must be passed along to your client which provides time sensitive information about a Home Preservation review on their property.

**Next steps required**
Please review the attached documents with next steps including any documentation needed to continue the review and ensure that you or your client responds within the given timeframes.

**I'm here to help**
As your client's home preservation specialist, I'm standing by to help with your client's needs. If you have any questions about the information in this letter, you can reach me at the phone number listed below.

Sincerely,

*Jannie Hall*

Jannie Hall
Home Preservation Specialist
America's Servicing Company
Ph: 1-8776852354 ext. 29322
Fax: 1-866-590-8910

Wells Fargo Home Mortgage, doing business as America's Servicing Company, is a division of Wells Fargo Bank, N.A.
© 2015 Wells Fargo Bank, N.A. All rights reserved. NMLSR ID 399801





1061317009496HP602

HP602 106
000232/000002 ACSXX5 S1-EF-M1-C001

—

| Account Information | |
| --- | --- |
| **Fax:** | 1-866-590-8910 |
| **Telephone:** | 1-800-416-1472 |
| **Correspondence:** | PO Box 10335 |
| | Des Moines, IA 50306 |
| **Hours of operation:** | Mon - Thurs, 7 a.m. - 9 p.m., |
| | Fri, 7 a.m. - 8 p.m., |
| | Sat, 8 a.m. - 4 p.m., CT |
| **Loan number:** | 1317009496 |
| **Property address:** | 18 BEACH STREET |
| | WOBURN MA, 01801 |

04/30/15

JASON FULTON

18 BEACH STREET

WOBURN, MA  01801

PLEASE NOTE: This notice is being provided for informational purposes only. As a result of at least one bankruptcy case filing that included the above referenced account, America's Servicing Company is NOT attempting in any way to violate any provision of the United States Bankruptcy Code or to collect a debt (deficiency or otherwise) from any customer(s) who is impacted by an active bankruptcy case or has received a discharge, where the account was not otherwise reaffirmed or excepted from discharge. THIS IS NOT A BILL OR A REQUEST FOR PAYMENT AS TO THESE CUSTOMER(S). Your decision to discuss workout options with America's Servicing Company is strictly voluntary. You are not obligated to pursue any workout options discussed with us. At your request, we will immediately terminate any such discussions should you no longer wish to pursue these options.

Subject: Your request for assistance
Note: We service your mortgage on behalf of your investor, BAFC 2007-4.

Dear JASON FULTON:

We're responding to your request for assistance and the options that may be available to help you. We realize that the process can take some time, and we appreciate your patience while we review your options.

**Decision on the federal government's Home Affordable Modification Program (HAMP)**





1061317009496HP602

HP602 106
000232/000003 ACSXX5 S1-EF-M1-C001

The Home Affordable Modification Program (HAMP) is a written agreement that modifies a customer's original loan terms to create more affordable payments. There are two separate groups of eligibility criteria under HAMP.

HAMP Tier 1: In general, this option may be available to customers whose loan is in default or imminent default (one or more payments are - or will soon be - more than 30 days late) on their primary residence. We carefully reviewed the information you provided us and at this time, you do not meet the requirements of HAMP Tier 1 because:

We do not have the contractual authority to modify your loan because of limitations in our servicing agreement.

HAMP Tier 2: This option may be available to customers who do not currently meet the qualifications for Tier 1 or may have previously received assistance under Tier 1. We carefully reviewed the information you provided us and at this time, you do not meet the requirements of HAMP Tier 2 because:

We do not have the contractual authority to modify your loan because of limitations in our servicing agreement.

We are unable to modify your mortgage based on the results of your net present value (NPV) evaluation.

Based on the documentation you provided, we are unable to reduce your principal and interest payment by 10% or more. We reached this decision by reviewing your monthly gross income which is calculated as $7,325.00, along with reviewing the other information you provided. Your gross monthly income is your income before taxes and other deductions.

**About the calculation required by the program**
In order for you to have qualified for this program, we were required by the government to calculate the net present value (NPV) for your modification. This calculation is based on a complex formula developed by the Department of the Treasury. We input certain financial information and combine it with information required by the Treasury to determine if the NPV is acceptable to the investor that owns your mortgage.

**Respond with any updates or changes**
We're providing you with specific inputs that were used in your NPV calculation. As you can see, some of the values are based on information that you provided to us as well as information we secured from your loan history file and third-party resources, such as credit bureaus.

**You have the right to appeal this decision**
Carefully read over this letter, which states America's Servicing Company's decision. If you believe the decision is incorrect and want to appeal the decision, you may submit your appeal request in writing or by phone.

If you choose to submit your appeal request in writing, we have enclosed an Appeal Request Form for your convenience. Or you can write a letter of your own that explains the reason you disagree with the





HP602 106
000232/000004 ACSXX5 S1-EF-M1-C001

1061317009496HP602

decision.

You can initiate an appeal in one of three ways:
1. Fax your appeal request to 1-866-590-8910.

2. Mail your appeal request to:
1000 Blue Gentian Road,
Suite 300 MAC X9999-01N,
Eagan, MN 55121

3. Call 1-877-816-4914 and follow the prompts.

If you choose to submit your appeal request in writing, by fax or mail -- using the enclosed form or a letter of your own -- please specify which of these two options applies to you:

Option A. I want to appeal the decision I received. I have enclosed additional information for your consideration, and/or I have no further information to provide. I understand America's Servicing Company will review the decision immediately based on the additional information I have provided (if applicable), or on the information they currently have.

Option B. I will be appealing the decision I received. I will submit additional information for your consideration at a later time. I understand that if America's Servicing Company does not receive my additional information within 30 calendar days from the date of this letter, America's Servicing Company will immediately move forward with a review of the decision.

Appeal request guidelines:
· If you do not specify your intention for providing additional information, by selecting one of the two options above, we will follow the process described in Option B.
· If you are disputing the value of your property used in the decision, you must indicate the specific value you believe is more accurate.
· We must receive your appeal request, with any additional information (as applicable) within 30 calendar days from the date of this letter.
· After an appeal is initiated, if you selected Option B and we do not receive your additional information within 30 calendar days from the date of this letter, we will review the decision based on the information we have at that time.
· You may have recently received a separate communication regarding another review we completed. Our decision regarding that review may also be appealable, subject to the timelines and guidelines here.
· Be sure to include your loan number on your appeal request and any additional information.
· If you choose to initiate your request by phone, make sure to have your loan number available and follow the phone prompts carefully.

Please note
After we receive your appeal request, you will receive a letter that confirms receipt of your request and outlines next steps in the appeal process. As your home preservation specialist, I remain available to assist you with any questions you may have about this letter, but you must initiate an appeal request in



HP602 106
000232/000005 ACSXX5 S1-EF-M1-C001



1061317009496HP602

one of the three ways listed above.

**Talk to me about your other options**
There may be other options available to help you avoid a foreclosure sale, provided you meet the requirements.

If you're interested in staying in your home, you may be eligible for help through a different assistance program. If you are eligible for an alternative assistance option, we will review your information and we will notify you separately of the result of that review.

Other options you may be interested in: If the amount you owe on your mortgage is higher than what you think you can sell your house for, you may want to consider what is known as a "short sale." This option could allow you to list your home for sale, for an amount that is less than you owe.

During the short sale process, you'll need to submit documentation to us that we will evaluate. For example, a short sale requires a purchase contract. Once we receive a purchase contract America's Servicing Company will review the terms of the contract and obtain the appraised value of the property.

If you are interested in a short sale, contact me right away. I can help explain the short sale process, guidelines and your eligibility.

If you are unable to sell your home or find a short sale is not the right alternative to foreclosure for you, another option to consider might be a deed in lieu of foreclosure, sometimes referred to as a Mortgage Release. If you are interested in a deed in lieu of foreclosure, please contact me right away so we can determine your eligibility and coordinate an appraisal and inspection of your property.

Keep in mind, if you accept a deed in lieu of foreclosure, you must agree to vacate the property within an agreed upon time.

**We're here for you**
I am available to help you and can be reached at the phone number listed below or by email at HAMPNonApprovalInquiry@wellsfargo.com. Please note: sending your documents via email is not a secure method of transmitting information.

Sincerely,

*Jannie Hall*

Jannie Hall
Home Preservation Specialist
America's Servicing Company
Ph: 1-8776852354 ext. 29322
Fax: 1-866-590-8910





HP602 106
000232/000006 ACSXX5 S1-EF-M1-C001

1061317009496HP602

## Contact us

If you'd like to request information, notify us of an error, or share any concerns you may have about the servicing of your loan, please contact us at P.O. Box 10335, Des Moines, IA 50306.

---

**Get free counseling to help manage expenses and avoid foreclosure.**

Reach out to a local HUD-approved, non-profit housing counseling agency if you're struggling to keep up with monthly expenses, or want help to avoid foreclosure. At no cost, a counselor will work closely with you, providing the information and assistance you need. To find an agency near you, go to www.hud.gov/offices/hsg/sfh/hcc/fc. Or call 1-800-569-4287 (TDD 1-800-877-8339). You can also call HOPE Hotline at 1-888-995-HOPE (4673).

Be sure you avoid anyone who asks for a fee for counseling or a loan modification, or asks you to sign over the deed to your home, or to make your mortgage payments to anyone other than America's Servicing Company.

---

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is Bureau of Consumer Financial Protection, 1700 G Street NW., Washington DC 20006.

Wells Fargo Home Mortgage, doing business as America's Servicing Company, is a division of Wells Fargo Bank, N.A.

© 2015 Wells Fargo Bank, N.A. All rights reserved. NMLSR ID 399801





HP602 106

000232/000007 ACSXX5 S1-EF-M1-C001

1061317009496HP602

# Appeal Request Form

Carefully read over the letter that came with this form, which states America's Servicing Company's decision. If you believe our decision is incorrect and want to appeal the decision, we recommend you use this form to submit a written appeal.

**Important:**
- We must receive your written request for an appeal or a phone-initiated appeal request within 30 days from the date of this letter, or we will not move forward with a review of the decision. While not required, please provide any additional information (as applicable) that will help us look into your request.
- If you are disputing the value of your property used in the decision, you must indicate the specific value you believe is more accurate in your explanation below.

Please explain the reason you disagree with the decision.

_____
_____
_____
_____
_____
_____
_____

**Select and check the box that best applies to your request:**
( ) Option A. I want to appeal the decision I received. I have enclosed additional information for your consideration, and/or I have no further information to provide. I understand America's Servicing Company will review the decision immediately based on the additional information I have provided (if applicable), or on the information they currently have.

( ) Option B. I will be appealing the decision I received. I will submit additional information for your consideration at a later time. I understand that if America's Servicing Company does not receive my additional information within 30 days from the date of this letter, America's Servicing Company will immediately move forward with a review of the decision.

**Please note:** If you do not specify your intention for providing additional information by selecting one of the two options above, America's Servicing Company will follow the process described in Option B.

Be sure to include your loan number on any supporting documents.

JASON FULTON
1317009496
Primary contact phone number: _____
Other contact phone numbers: _____
                              _____
Best day and time to call: _____

**Mail your appeal request to:**        **Or fax your appeal request to:**
1000 Blue Gentian Road                   1-866-590-8910
Suite 300 MAC X9999-01N
Eagan, MN 55121





HP602 106
000232/000008 ACSXX5 S1-EF-M1-C001

1061317009496HP602

# Net Present Value (NPV) Input Data Fields and Values

| Input Data Fields | Explanation |
|---|---|
| **I. Borrower Information** | |
| 1. Current Borrower Credit Score | This is your credit score as provided by one or more of the three national credit reporting agencies.* |
| 2. Current Co-borrower Credit Score | If a co-borrower is listed on your mortgage, this is the co-borrower's credit score as provided by one or more of the three national credit reporting agencies.* |
| 3. Monthly Gross Income | This is the total monthly income of all borrowers on your mortgage before any payroll deductions or taxes are taken out. |
| 4. Principal Residence Total Housing Expense | This is the total monthly housing expense (i.e., mortgage principal, interest, real estate taxes, insurance, and homeowners association fees, if any) for your principal residence and the principal residence(s) of any co-borrower(s). Note: This field only applies if your application for a HAMP modification is for a property that is not your principal residence. |
| *Note: A proxy score of 557 may be used if a credit bureau score is unavailable. A minimum score of 250 will be used if the credit bureau score received from the credit bureau agency is below 250. | |
| **II. Property Information** | |
| 5. Property - State | This is the two-letter state code of the property securing the mortgage you are requesting to modify under HAMP. |
| 6. Property - Zip Code | This is the zip code of the property securing the mortgage you are requesting to modify under HAMP. |
| 7. Property Value | This is the estimated fair market value of the property securing the mortgage you are requesting to modify under HAMP. |
| 8. Property Valuation Type | This identifies the method by which the property securing the mortgage you are requesting to modify under HAMP was valued based on the Property Value (Field 7). <br> 1 – Automated Valuation Model (AVM) <br> 2 – Exterior Broker Price Opinion (BPO) / Appraisal (as is value) <br> 3 – Interior BPO / Appraisal (as is value) |
| 9. Occupancy | This code identifies the occupancy status of the property securing the mortgage you are requesting to modify under HAMP. A code **1**, **3** or **4** is used for owner-occupied properties and a code **2** is used for properties that are not owner occupied. |
| 10. Property - Monthly Gross Rental Income | This is the monthly gross rental income (before taxes and deductions) from the property secured by the mortgage you are requesting to modify under HAMP. Note: This field only applies if your application for a HAMP modification is for a property that is not your principal residence. |
| **III. Mortgage Information** | |





HP602 106

000232/000009 ACSXX5 S1-EF-M1-C001

1061317009496HP602

| Input Data Fields | Explanation |
|---|---|
| 11. Data Collection Date | This is the date we collected the unpaid principal balance and other data used in this NPV analysis. |
| 12. Imminent Default Flag | This is your default status as of the date you were evaluated (i.e., underwritten) for HAMP. At the time of evaluation:<br>• If you did not miss any payments, or less than two payments were due and unpaid by the end of the month in which they were due, and you suffered a verified financial hardship, you were considered to be in "imminent default." In this situation, the value in this field is **Y**.<br>• If two or more payments were due and unpaid by the end of the month in which they were due, the value in this field is **N** and imminent default does not apply. |
| 13. Investor Code | This code identifies the owner of the mortgage you are requesting to modify under HAMP.<br>1. Fannie Mae<br>2. Freddie Mac<br>3. Owned by a private investor other than Wells Fargo<br>4. Owned by Wells Fargo or an affiliated company<br>5. Ginnie Mae |
| 14. Unpaid Principal Balance at Origination | This is the amount of the mortgage you are requesting to modify under HAMP at the time it was originated (i.e., the amount you borrowed). |
| 15. First Payment Date at Origination | This is the date the first payment on the mortgage you are requesting to modify under HAMP was due after it was originated. |
| 16. Product Before Modification | This identifies the type of mortgage you held prior to your most recent application for a HAMP modification:<br><br>1. Adjustable Rate Mortgage (ARM) and/or Interest Only mortgage loan<br>2. Fixed Rate<br>3. Step Rate<br>4. One Step Variable<br>5. Two Step Variable<br>6. Three Step Variable<br>7. Four Step Variable<br>8. Five Step Variable<br>9. Six Step Variable<br>10. Seven Step Variable<br>11. Eight Step Variable<br>12. Nine Step Variable<br>13. Ten Step Variable<br>14. Eleven Step Variable<br>15. Twelve Step Variable<br>16. Thirteen Step Variable<br>17. Fourteen Step Variable |
| 17. Adjustable Rate Mortgage (ARM) Reset Date | This is the date the next Adjustable Rate Mortgage (ARM) reset was due to occur, as of the Data Collection Date (Field 11). This field applies only if the type of mortgage you held prior to your most recent application for a HAMP modification was an ARM loan. If you |





1061317009496HP602

| Input Data Fields | Explanation |
|---|---|
| | did not have an ARM loan, this field will be blank. |
| 18. Next Adjustable Rate Mortgage (ARM) Reset Rate | This is the interest rate your mortgage was expected to change to, based on the next ARM reset date (Field 17). Please see your mortgage loan documentation for information on how your mortgage rate is recalculated at its reset date.<br><br>Note: If the reset date on your ARM loan is within 120 days of the Data Collection Date (Field 11), the value in this field is the expected interest rate on your mortgage at the next reset date. If the reset date on your ARM loan is more than 120 days from the Data Collection Date, the value in this field is the interest rate at the time of the NPV evaluation. |
| 19. Unpaid Principal Balance Before Modification | This is the unpaid amount of principal (money you borrowed) on the mortgage you are requesting to modify under HAMP, as of the Data Collection Date (Field 11). It does not include any unpaid interest or other amounts that you may owe. |
| 20. Interest Rate Before Modification | This is the interest rate on the mortgage you are requesting to modify under HAMP, as of the Data Collection Date (Field 11). Please review your mortgage loan documentation (including any modification documentation, if previously modified) for information on the interest rate of your mortgage. |
| 21. Remaining Term (# of Payment Months Remaining) | This is the remaining number of months you have left to pay under the original term of the mortgage you are requesting to modify under HAMP, as of the Data Collection Date (Field 11). Please review your mortgage loan documentation (including any modification documentation, if previously modified) for information the term of your mortgage. |
| 22. Principal and Interest Payment Before Modification | This is the amount of principal and interest you were scheduled to pay each month as of the Data Collection Date (Field 11). |
| 23. Monthly Real Estate Taxes | This is the monthly cost of your real estate taxes. If your taxes are paid annually, this amount will be 1/12th of the annual cost. |
| 24. Monthly Hazard and Flood Insurance | This is the monthly cost of your hazard and flood insurance coverage. If your insurance is paid annually, this amount will be 1/12th of the annual cost. |
| 25. Homeowners Association Dues/Fees | This is your monthly homeowners' or condominium association fee payments, any future monthly escrow shortages or a rent payment (if you have been displaced and are paying rent on a residence that you don't own, while seeking a modification on your primary residence). If your homeowners' or condominium association fee payments are paid annually, this will be 1/12th of the annual cost. |
| 26. Months Past Due | This is the number of mortgage payments you would have had to make in order to make your mortgage current as of the Data Collection Date (Field 11). |



HP602 106
000232/000011 ACSXX5 S1-EF-M1-C001



1061317009496HP602

Jason Fulton
Loan No. 1317009496

| Input Data Fields | Explanation |
|---|---|
| 27. Mortgage Insurance Coverage Percent | This is the percentage of private mortgage insurance coverage on the mortgage you are requesting to modify under HAMP. If you do not have private mortgage insurance, this field is blank. |
| 28. Capitalized UPB Amount | This is the capitalized unpaid principal balance amount that includes all outstanding principal, accrued interest, and escrow advances, as of the Data Collection Date (Field 11). |

### IV. Proposed Modification Information

The fields below describe the proposed HAMP modification that was calculated by your servicer according to the HAMP program guidelines (subject to investor restrictions) that were used in your Net Present Value (NPV) evaluation.

| | |
|---|---|
| 29. NPV Date | This is the initial date that the NPV evaluation was conducted on the mortgage you are requesting to modify under HAMP. |
| 30. Modification Fees | This is the total amount of costs and fees that would have been paid by the investor (owner) of your loan, if you had been approved for a HAMP modification. This includes expenses such as notary fees, property valuation, credit report, and other required fees. |
| 31. Mortgage Insurance Partial Claim Amount of the Proposed HAMP Modification | This identifies any mortgage insurance payout amount as part of the proposed HAMP modified mortgage. This amount is at the discretion of your mortgage insurance company. Note: This field will be zero if you were not approved for a trial period plan or HAMP modification because of a negative NPV result. |
| 32. Unpaid Principal Balance of the Proposed HAMP Modification (Net of Forbearance & Principal Reduction) | This is the beginning principal balance on which you would have been required to pay interest, if you had received a HAMP modification. It is likely to be different than your current principal balance because it includes amounts you owe for missed mortgage payments and unpaid expenses that are allowed to be added (capitalized) to your principal balance. Also, it may be reduced by proposed principal forbearance (Field 36) or proposed principal forgiveness (Field 37). |
| 33. Interest Rate of the Proposed HAMP Modification | This is the starting interest rate of the proposed HAMP modified mortgage. This rate is fixed for at least the first 5 years after the modification. |
| 34. Amortization Term of the Proposed HAMP Modification | This is the number of months left to pay on the proposed HAMP modified mortgage. |
| 35. Principal and Interest Payment of the Proposed HAMP Modification | This is the amount of the monthly principal and interest payment on the proposed HAMP modified mortgage. |
| 36. Principal Forbearance Amount of the Proposed HAMP Modification | This is the amount of principal your investor was willing to forbear on the proposed HAMP modified mortgage. You would have still owed this amount, but you would not have been charged interest on it and no payments would have been due on this amount until you paid off your mortgage. |
| 37. Principal Forgiveness Amount of the Proposed HAMP Modification | This is the amount of principal your investor was willing to forgive under the proposed HAMP modified mortgage. |





1061317009496HP602

HP602 106
000232/000012 ACSXXS S1-EF-M1-C001

05/21/2015

| Input Data Fields | Explanation |
|---|---|
| 38. Unpaid Principal Balance of the Proposed HAMP Modification (Net of Forbearance & Principal Reduction) | This is the beginning principal balance, as of the Data Collection Date (Field 11), on which you would have been required to pay interest if you had received a HAMP modification. It is likely to be different than your current principal balance because it includes amounts you owe for missed mortgage payments and unpaid expenses that are allowed to be added (capitalized) to your principal balance. Also, it may be reduced by proposed principal forbearance (Field 42), or the amount calculated by the NPV model under the standard modification or proposed principal forgiveness (Field 39). |
| 39. Principal Forgiveness Amount of the Proposed HAMP Modification | This field identifies the amount of principal your investor was willing to forgive under the proposed HAMP modified mortgage. |
| 40. Interest Rate of the Proposed HAMP Modification | This is the fixed interest rate of the proposed HAMP modified mortgage. Note: This field only applies if the owner of your mortgage provides for a different interest rate than would be provided under the standard modification. |
| 41. Amortization Term of the Proposed HAMP Modification | This is the number of months left to pay on the proposed HAMP modified mortgage. Note: This field only applies if the owner of your mortgage provides for a different amortization term than would be provided under the standard HAMP Modification. |
| 42. Principal Forbearance Amount of the Proposed HAMP Modification | This is the amount of principal forborne on the proposed HAMP modified mortgage. You would have still owed this amount, but you would not have been charged interest on it and no payments would have been due on this amount until you paid off your loan. Note: This field only applies if the owner of your mortgage provides for a different forbearance amount than would be provided under the standard HAMP Modification. |
| 43. Investor Override for Modification | This code indicates whether the owner of your mortgage provides for different terms than would be provided under the standard HAMP Modification. If there are terms other than the standard terms, the value in this field is **Y**. If not, the value in this field is **N**. |





1061317009496HP602

HP602 106
000232/000013 ACSXX5 S1-EF-M1-C001

# Net Present Value (NPV) Input Data Values

| | Input Data Field | Customer Data |
|---|---|---|
| 1 | Current Borrower Credit Score | **519** |
| 2 | Current Co-borrower Credit Score | **NA** |
| 3 | Monthly Gross Income | **$7,325.00** |
| 4 | Principal Residence Total Housing Expense | **NA** |
| 5 | Property - State | **MA** |
| 6 | Property - Zip Code | **01801** |
| 7 | Property Value | **$395,000.00** |
| 8 | Property Valuation Type | **BrokersPriceOpinion** |
| 9 | Occupancy | **3** |
| 10 | Property - Monthly Gross Rental Income | **NA** |
| 11 | Data Collection Date | **04/30/15** |
| 12 | Imminent Default Flag | **0** |
| 13 | Investor Code | **04** |
| 14 | Unpaid Principal Balance at Origination | **$408,000.00** |
| 15 | First Payment Date at Origination | **04/01/07** |
| 16 | Product Before Modification | **FixedRate** |
| 17 | Adjustable Rate Mortgage (ARM) Reset Date | **NA** |
| 18 | Next Adjustable Rate Mortgage (ARM) Reset Rate | **NA** |
| 19 | Unpaid Principal Balance Before Modification | **$433,522.97** |
| 20 | Interest Rate Before Modification | **4.00000%** |
| 21 | Remaining Term (# of Payment Months Remaining) | **428** |
| 22 | Principal and Interest Payment Before Modification | **$1,820.03** |
| 23 | Monthly Real Estate Taxes | **$401.19** |
| 24 | Monthly Hazard and Flood Insurance | **$178.25** |
| 25 | Homeowners Association Dues/Fees | **$496.52** |
| 26 | Months Past Due | **47** |
| 27 | Mortgage Insurance Coverage Percent | **0.00000%** |
| 28 | Capitalized UPB Amount | **$517,121.59** |
| 29 | NPV Date | **04/30/15** |
| 30 | Modification Fees | **$0.00** |
| 31 | Mortgage Insurance Partial Claim Amount of the Proposed HAMP Modification | **$0.00** |
| 32 | Unpaid Principal Balance of the Proposed HAMP Modification (Net of Forbearance & Principal Reduction) | **$0.00** |
| 33 | Interest Rate of the Proposed HAMP Modification | **NA** |
| 34 | Amortization Term of the Proposed HAMP Modification | **NA** |





HP602 106
000232/000014 ACSXX5 S1-EF-M1-C001
1061317009496HP602

| 35 | Principal and Interest Payment of the Proposed HAMP Modification | **$0.00** |
|----|------------------------------------------------------------------|-----------|
| 36 | Principal Forbearance Amount of the Proposed HAMP Modification | **NA** |
| 37 | Principal Forgiveness Amount of the Proposed HAMP Modification | **NA** |
| 38 | Unpaid Principal Balance of the Proposed HAMP Modification (Net of Forbearance & Principal Reduction) | **NA** |
| 39 | Principal Forgiveness Amount of the Proposed HAMP Modification | **NA** |
| 40 | Interest Rate of the Proposed HAMP Modification | **NA** |
| 41 | Amortization Term of the Proposed HAMP Modification | **NA** |
| 42 | Principal Forbearance Amount of the Proposed HAMP Modification | **NA** |
| 43 | Investor Override for Modification | **Y** |

*NOTE: A proxy score of 557 may be used if a credit bureau score is unavailable. A minimum score of 250 will be used if the credit bureau score received from the credit bureau agency is below 250.





HP602 106
000232/000015 ACSXX5 S1-EF-M1-C001
1061317009496HP602



AMERICA'S SERVICING COMPANY
Return Mail Operations
P.O. Box 10388
Des Moines, IA 50306-0388



EXHIBIT
B

LOAN MODIFICATION AGREEMENT
LOAN NUMBER: REDACTED
PROPERTY ADDRESS 18 Beach Street
              Woburn MA 01801

THIS LOAN MODIFICATION AGREEMENT ("Agreement"), made on
November 01, 2010, by and between Jason R Fulton and
                        and (the "Borrower(s)") and
America's Servicing Company (the "Lender",
And Mortgage Electronic Registration Systems, Inc. (Mortgagee)
together with the Borrower(s), the "Parties").

                    WITNESSETH
WHEREAS, Borrower has requested and Lender has agreed, subject to the
following terms and conditions, to a loan modification as follows:
NOW THEREFORE, in consideration of the covenants hereinafter set forth
and for other good and valuable consideration, the receipt and
sufficiency of which are hereby acknowledged by the Parties, it is agreed
as follows (notwithstanding anything to the contrary in the Note and
Security Instrument dated 02/12/2007.)
1.   BALANCE. As of November 01, 2010, the amount payable under the Note
and Security Instrument (the "Unpaid Principal Balance") is U.S.
$ 408,000.00.
2.   EXTENSION. This Agreement hereby modifies the following terms of the
Note and Security Instrument described herein above as follows:
A. The current contractual due date has been extended from 04-01-10
to 01/01/2011. The first modified contractual due date is on
01/01/2011.
B. The maturity date has been extended from 03-37 (month/year) to
12/01/2050.
C. The amount of interest to be included (capitalized) will be U.S.
$ 21,037.50.
The amount of the Escrow Advance to be capitalized will be U.S. $3,938.46.
The amount of Recoverable Expenses* to be capitalized will be
U.S. $3,898.06.
The modified Unpaid Principal Balance is U.S. $ 435,478.48.
* Recoverable Expenses may include, but are not limited to: Title,
Attorney fees/costs, BPO/Appraisal, and/or Property Preservation/
Property Inspections

D. The Borrower(s) promises to pay the Unpaid Principal Balance plus
interest, to the order of the Lender. Interest will be charged on the
Unpaid Principal Balance of U.S. $ 435,478.48. The Borrower(s) promises
to make monthly payments of principal and interest of U.S. $ 1,820.03,
at a yearly rate of 4.000%, not including any escrow deposit, if
applicable. If on the maturity date the Borrower(s) still owes an amount
under the Note and Security Instrument, as amended by this Agreement,
Borrower(s) will pay this amount in full on the maturity date.

LM521/URF/1

3.  NOTE AND SECURITY INSTRUMENT. Nothing in this Agreement shall be understood or construed to be a satisfaction or release, in whole or in part of the Borrower's obligations under the Note or Security Instrument. Further, except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and shall comply with, all of the terms and provisions thereof, as amended by this Agreement.
4.  The undersigned Borrower(s) acknowledge receipt and acceptance of the Loan Modification Settlement Statement. Borrower(s) agree with the information disclosed in and understand that I/we am/are responsible for payment of any outstanding balances outlined in the Loan Modification Settlement.
5.  The undersigned Borrower(s) acknowledge receipt and acceptance of the Borrower Acknowledgements, Agreements, and Disclosures Document (BAAD).
6.  If included, the undersigned Borrower(s) acknowledge receipt and acceptance of the Truth in Lending statement.
7.  If included, the undersigned Borrower(s) acknowledge receipt and acceptance of the Special Flood Hazard Area (SFHA).
8.  That (he/she/they) (is/are) the Borrower(s) on the above-referenced Mortgage Loan serviced by America's Servicing Company.

That (he/she/they) have experienced a financial hardship or change in financial circumstances since the origination of (his/her/their) Mortgage Loan.

That (he/she/they) did not intentionally or purposefully default on the Mortgage Loan in order to obtain a loan modification.

LM521/URF/2

042



**ASC**
AMERICA'S SERVICING COMPANY
Return Mail Operations
P.O. Box 10388
Des Moines, IA 50306-0388

CORRECTION AGREEMENT. The undersigned borrower(s), for and in consideration of the approval, closing and funding of this Modification, hereby grants America's Servicing Company, as lender, limited power of attorney to correct and/or initial all typographical or clerical errors discovered in the Modification Agreement required to be signed. In the event this limited power of attorney is exercised, the undersigned will be notified and receive a copy of the document executed or initialed on their behalf. This provision may not be used to modify the interest rate, modify the term, modify the outstanding principal balance or modify the undersigned's monthly principal and interest payments as modified by this agreement. Any of these specified changes must be executed directly by the undersigned. This limited power of attorney shall automatically terminate in 120 days from the closing date of the undersigned's Modification. _____(Borrower(s) initial)

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as the date first above written.

By signing this Agreement I hereby consent to being contacted concerning this loan at any cellular or mobile telephone number I may have. This includes text messages and telephone calls including the use of automated dialing systems to contact my cellular or mobile telephone. You will not be billed by your cellular or mobile carrier for any text messages you may receive from us, however, any calls we place to your cellular or mobile phone will incur normal airtime charges assessed by your mobile carrier.

Dated as of this 11 day of November, 2010.

_____            _____
Jason R Fulton                                               Signature
Signature
                                                                     Haben M. Taffese
_____ 11/15/10    VP of Loan Documentation
America's Servicing Company

Mortgage Electronic Registration Systems, Inc.

Name: _____

Its: _____
LM527/URF/3



May 20, 2015

To Whom It May Concern:

Please note that I am not part of any homeowner's association and I do not pay any homeowner's association dues/fees. The $496.52 monthly expense for such fees in the NPV analysis for my loan modification request was therefore incorrect. The expense should have been correctly listed as $0.00.

Please contact Culik Law PC at (617) 830-1795 if you have further questions or concerns regarding this.

Sincerely,

Jason Fulton

AMERICA'S SERVICING CO.
RETURN MAIL OPERATIONS
PO BOX 10388
DES MOINES IA 50306-0388





**EXHIBIT**
**B**

06/02/15

ılıılıııııılılılıllılılııılılıılıllıılılıllılılılıllılılıllılılı

| | |
|---|---|
| **Account Information** | |
| Fax: | (866) 359-7363 |
| Telephone: | (800) 842-7654 |
| Correspondence: | PO Box 10335 |
| | Des Moines, IA 50306 |
| Hours of operation: | Mon-Fri, 8 a.m. - 5 p.m., CT |
| Loan number: | 1317009496 |
| Property address: | 18 Beach Street |
| | Woburn MA 01801 |

1SP       00063/000063/000125 0001   3 ACT1HWBK610 106

CHRISTOPHER M BRINE
CULIK LAW PC
18 COMMERCE WAY
SUITE 2850
WOBURN  MA  01801-1056

RECEIVED   JUN 0 8 2015

Subject: Action required regarding your client's modification

Dear CHRISTOPHER M BRINE
        CULIK LAW PC

I have enclosed a copy of correspondence that must be passed along to your client with information about their home preservation review.

**Next steps required**
Please review the attached document with your client and have them comply with any time-frames referenced within the correspondence.

**I'm here to help**
As your client's home preservation specialist, I'm standing by to help your client with their needs. If you have any questions about the information in this letter, you can reach me at the phone number listed below.

Sincerely,

*Jannie Hall*

Jannie Hall
Home Preservation Specialist
America's Servicing Company
Ph: 1-877-685-2354 ext. 29322
Fax: 1-866-590-8910

Enclosure(s)

Wells Fargo Home Mortgage, doing business as America's Servicing Company, is a division of Wells Fargo Bank, N.A.
© 2015 Wells Fargo Bank, N.A. All rights reserved. NMLSR ID 399801





BK610 106
000063/000125 ACT1HW S1-ET-M1-C001

1061317009496BK610



*AMERICA'S SERVICING CO.*
*RETURN MAIL OPERATIONS*
*PO BOX 10388*
*DES MOINES IA 50306-0388*

06/02/15

Jason R Fulton


18 Beach Street
Woburn, MA 01801

| Account Information | |
|---|---|
| **Online:** | mortgageaccountonline.com |
| **Fax:** | (866) 359-7363 |
| **Telephone:** | (800) 842-7654 |
| **Correspondence:** | PO Box 10335 |
| | Des Moines, IA 50306 |
| **Hours of operation:** | Mon - Fri, 8 a.m. - 5 p.m., CT |
| | |
| **Loan number:** | 1317009496 |
| **Property address:** | 18 Beach Street |
| | Woburn MA 01801 |

PLEASE NOTE: This notice is being provided for informational purposes only. As a result of at least one bankruptcy case filing that included the above referenced account, America's Servicing Company is NOT attempting in any way to violate any provision of the United States Bankruptcy Code or to collect a debt (deficiency or otherwise) from any customer(s) who is impacted by an active bankruptcy case or has received a discharge, where the account was not otherwise reaffirmed or excepted from discharge. THIS IS NOT A BILL OR A REQUEST FOR PAYMENT AS TO THESE CUSTOMER(S). Your decision to discuss workout options with America's Servicing Company is strictly voluntary. You are not obligated to pursue any workout options discussed with us. At your request, we will immediately terminate any such discussions should you no longer wish to pursue these options.

Subject: Decision on your loan modification and next steps

Dear Jason R Fulton:

In response to your appeal request, we have completed a review of the decision we made about your mortgage.

**Here's what we found**
After carefully reviewing the information we currently have, we have determined that you still do not meet the requirements for a loan modification.

**Talk to me about your other options**
There may be other options available to help you avoid a foreclosure sale, provided you meet the requirements.

If the amount you owe on your mortgage is higher than what you think you can sell your house for, you may want to consider what is known as a "short sale". This option could allow you to list your home for sale, for an amount that is less than you owe.

During the short sale process, you'll need to submit documentation to us that we will evaluate. For example, a short sale requires a purchase contract. Once we receive a purchase contract America's Servicing Company will review the terms of the contract and obtain the appraised value of the property.





BK610 106
000063/000126 ACT1HW S1-ET-M1-C001

1061317009496BK610

| Account Information | |
|---|---|
| **Loan number:** | 1317009496 |
| **Property address:** | 18 Beach Street<br>Woburn MA 01801 |

If you are interested in a short sale, contact me right away. I can help explain the short sale process, guidelines and your eligibility.

If you are unable to sell your home or find a short sale is not the right alternative to foreclosure for you, *another option to consider* might be a deed in lieu of foreclosure, sometimes referred to as a Mortgage Release. If you are interested in a deed in lieu of foreclosure, please contact me right away so we can determine your eligibility and coordinate an appraisal and inspection of your property.

Keep in mind, if you accept a deed in lieu of foreclosure, you must agree to vacate the property within an agreed upon time.

**We're here for you**
If you have any questions about our reviewed decision, or want to discuss other options to avoid foreclosure, please call the phone number below.

Sincerely,

*Jannie Hall*

Jannie Hall
Home Preservation Specialist
America's Servicing Company
Ph: 1-877-685-2354 ext. 29322
Fax: 1-866-590-8910

---

**Get free counseling to help manage expenses and avoid foreclosure.**
Reach out to a local HUD-approved, non-profit housing counseling agency if you're struggling to keep up with monthly expenses, or want help to avoid foreclosure. At no cost, a counselor will work closely with you, providing the information and assistance you need. To find an agency near you, go to **www.hud.gov/offices/hsg/sfh/hcc/fc**. Or call **1-800-569-4287** (TDD 1-800-877-8339). You can also call the HOPE hotline 1-888-995-HOPE (4673).

Be sure you avoid anyone who asks for a fee for counseling or a loan modification, or asks you to sign over the deed to your home, or to make your mortgage payments to anyone other than America's Servicing Company.

---

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is Bureau of Consumer Financial Protection, 1700 G Street NW., Washington DC 20006.

Wells Fargo Home Mortgage, doing business as America's Servicing Company, is a division of Wells Fargo Bank, N.A.
© 2015 Wells Fargo Bank, N.A. All rights reserved. NMLSR ID 399801





# CULIK LAW PC

Champion Your Rights.

18 COMMERCE WAY, SUITE 2850
WOBURN, MASSACHUSETTS 01801

P  (617) 830 1795
F  (617) 830 1576

culiklaw.com

**EXHIBIT**
**C**

July 10, 2015

VIA CERTIFIED MAIL

Certified Article Number

9314 8699 0430 0014 7669 52

SENDERS RECORD

Wells Fargo Bank, N.A.
Attn. John G. Stumpf, President & CEO
101 N. Phillips Avenue
Sioux Falls, SD 57104

**Re:    Jason Fulton**
**        18 Beach Street, Woburn, Massachusetts 01801**
**        Loan No. 1317009496**

Dear Sir or Madam:

This is a demand pursuant to the Massachusetts Consumer Protection Act, G.L. c. 93A, §
9, on behalf of Jason Fulton, whose property address and mortgage identification number
are listed above. You are required to respond to this request within 30 days. This demand
is based upon your organization's improper denial of Mr. Fulton's recent mortgage
modification application.

Mr. Fulton is a self-employed plumber and has owned his home for 10 years.
Unfortunately, due to the economic downturn his income drastically decreased and he fell
behind on his mortgage payments in 2011. His income has now stabilized though, and his
financial circumstances have improved. There is no doubt that he could currently afford a
modified monthly mortgage payment, but he unfortunately cannot afford a lump sum
payment to cure his mortgage arrears.

His home is secured by a mortgage serviced by America's Servicing Company (ASC), a
subsidiary of Wells Fargo Bank, N.A., on behalf of the investor, U.S. Bank National
Association, as Trustee for Banc of America Funding Corporation 2007-4. The pooling
and servicing agreement for this trust is publicly available at
http://www.sec.gov/Archives/edgar/data/934377/000137943407000114/ex4_1.txt.

Although the current payoff balance of his mortgage is approximately $530,000, ASC recently valued the property at only $395,000. Despite this significant disparity, Mr. Fulton wants to stay in his home. His hope is to obtain a loan modification in order to bring his loan current and resume making regular mortgage payments. In order to do so, he recently applied for a modification through ASC.

Unfortunately, his modification request was denied. ASC forwarded two separate denial letters to Mr. Fulton, in which it stated that he was not eligible for a modification under the Home Affordable Modification Program (HAMP) because: (1) it was unable to create a modified payment under program requirements based on Mr. Fulton's calculated gross monthly income of $7,325; (2) it does not have contractual authority to modify the loan due to limitations in its servicing agreement; (3) Mr. Fulton has exceeded the allowable number of modifications; and (4) the net present value (NPV) evaluation was negative. (collectively, **Exhibit A**).

Mr. Fulton appealed this denial, and submitted a detailed explanation requesting that ASC reverse its decision. (**Exhibit B**). In response, ASC merely stated, "After carefully reviewing the information we currently have, we have determined that you still do not meet the requirements for a loan modification." (**Exhibit C**). No further explanation was provided.

Mr. Fulton contends that ASC's actions were improper for the following reasons.

## I.   HAMP Waterfall Calculation

HAMP follows a multi-step process for evaluating a homeowner for a loan modification. The goal is to reduce a homeowner's monthly mortgage payment of principal, interest, taxes, insurance, and homeowners association or condo dues (PITIA) to 31% of the gross monthly income (the Target Payment). This payment reduction is accomplished by following a series of steps that modifies different aspects of the loan until the Target Payment is reached.

First, the past-due amounts are capitalized, giving the homeowner a new principal balance. Second, the interest rate is reduced by increments of 0.125% to a floor of 2.00% in order to achieve a PITIA payment as close as possible to the Target Payment. If the second step does not reduce the PITIA payment to the Target Payment then the third step is taken. Third, the term of the loan is extended from 30 years (the term of most mortgages) to a maximum of 40 years. Finally, if the Target Payment still is not reached, the borrower can forbear up to 30% of the principal balance, putting it "on the back of the

loan" so that the borrower does not pay interest on it. The homeowner must still repay this amount when the loan matures, or when the loan is refinanced or the house sold.

In this case, ASC calculated Mr. Fulton's monthly income to be $7,325. The Target Payment, 31% of income, then, was $2,270.75. The recapitalized mortgage balance would be $517,121.59, and the current unmodified interest rate is 4.00%

Additionally, the total annual real estate taxes are $4,814.27 and the annual homeowner's insurance premium is $2,139, making the monthly prorated escrow payment $579.44. There are no homeowner's association dues/fees.

Therefore, under the standard HAMP Tier 1 waterfall, this loan should have been modified as follows. First, the past-due amounts should have been capitalized, resulting in a new principal balance of $517,121.59. Second, the interest rate should have been reduced to 2.00%. Third, the term of the mortgage should have been extended to 434 months. No principal forbearance would have been required. These steps would have resulted in a total monthly payment of $2,254.35, which is approximately the same amount as the Target Payment.

Accordingly, Mr. Fulton contends that ASC improperly determined that a modified payment could not be calculated within HAMP guidelines.

## II.   Investor Restriction

ASC also stated that Mr. Fulton's modification request was denied because it lacked authority to modify the loan under investor guidelines. As previously stated, however, the Pooling and Servicing Agreement for this loan is publicly available at http://www.sec.gov/Archives/edgar/data/934377/000137943407000114/ex4_1.txt.

Rather than prohibiting modifications, this Agreement makes clear that modifications can in fact be offered to delinquent borrowers such as Mr. Fulton. Specifically, Section 5.09(e) states:

> None of the Master Servicer, the Securities Administrator, the Trustee or any Servicer shall, unless the Mortgagor is in default with respect to the Mortgage Loan or such default is, in the judgment of the Servicer, reasonably foreseeable, permit any modification with respect to any Mortgage Loan that would (i) change the Mortgage Interest Rate, defer or forgive the payment thereof of any principal or interest payments, reduce the Stated Principal Balance (except for actual payments of principal) or extend the final maturity date with respect to such Mortgage Loan, (ii) affect adversely the status of any REMIC as a REMIC or (iii) cause any REMIC to be subject to a tax on "prohibited transactions" or "contributions" pursuant to the REMIC Provisions.

Accordingly, Mr. Fulton contends that ASC improperly determined that it lacked contractual authority to modify Mr. Fulton's loan due to a restriction in its servicing agreement.

Even if it did exist, though, any such investor restriction would be unenforceable. There is a strong public policy towards the prevention unnecessary foreclosures. *See* 2012 Mass. Legis. Serv. Ch. 194 (H.B. 4323). As a matter of law, this policy is standard industry practice. Helping Families Save Their Homes Act of 2009, Pub. L. No. 111-22 (2009), § 201 ("The qualified loss mitigation plan guidelines [i.e., the HAMP modification guidelines] issued by the Secretary of the Treasury under the Emergency Economic Stabilization Act of 2008 shall constitute standard industry practice for purposes of all Federal and State laws."). And a claim under Massachusetts Consumer Protection Act may be supported by a failure to comply with such standard industry practices. *Docos v. John Moriarty & Associates, Inc.,* 78 Mass. App. Ct. 638, 642 n. 8 (2011). *See also, Kattar v. Demoulas*, 433 Mass. 1, 14-15, 739 N.E.2d 246, 258 (2000) ("Parties need not be in privity for their actions to come within reach of c. 93A.").

Further, it is "universally accepted" that public policy sometimes outweighs the interest in freedom of contract, and in such cases the contract will not be enforced. *Beacon Hill Civic Ass'n v. Ristorante Toscano, Inc.,* 422 Mass. 318, 321, 662 N.E.2d 1015 (1996). As a result, mortgage servicing provisions that violate public policy are unenforceable.

## III.  Number of Modifications

ASC further stated that Mr. Fulton's modification request was denied because he had reached the allowable number of modifications. Although Mr. Fulton previously received a non-HAMP modification, there is no such limitation the Pooling and Servicing Agreement and a prior non-HAMP modification should have no bearing on current HAMP eligibility. (*See* MHA Handbook, ch. II, § 1.1.2, *HAMP Tier 1 Eligibility Criteria*). Accordingly, Mr. Fulton contends that ASC improperly determined that Mr. Fulton had exceeded the number of allowable modifications of his loan.

Even if it did exist, though, any such investor restriction limiting the number of modifications would be similarly unenforceable. The standard industry practice of preventing  unnecessary foreclosures operates without regard to the number of modifications a homeowner previously received. So long as the homeowner can afford a modified payment, and a modification is in the investors' best interests, it should be granted.

In this case, there should be no doubt that Mr. Fulton can afford a modified mortgage payment, and that a modification would be in the investors' best interests. The balance of his mortgage is approximately $135,000 more than the fair market value of his home, so it is clear that the investor would earn more profit on a modification than through a depressed foreclosure sale. As a result, standard industry practices support a modification approval and any investor restriction to the contrary, if it exists, is unenforceable.

## IV.  NPV Analysis

Finally, ASC stated that Mr. Fulton's modification request was denied based on the results of his net present value analysis. ASC's NPV Input Data Values were provided with its denial. These inputs were incorrect, though, as it assumed Mr. Fulton pays $496.52 per month in homeowner's association dues/fees when he in fact as no such expense. When adjusted for this error, a corrected NPV analysis would confirm that Mr. Fulton should be approved for a modification.

## V.    Conclusion

Based on the foregoing errors, Mr. Fulton contends that your organization's actions were unfair and deceptive under the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2. Although these terms are not defined in the statue, courts have typically found a practice to be unfair if it is "within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [or] (3) whether it causes substantial injury to consumers. *PMP Associates, Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 596, 321 N.E.2d 915, 917 (1975). *See Adamson v. Mortgage Elec. Registration Sys., Inc.*, CIV.A. 11-0693-H, 2011 WL 4985490 (Mass. Super. Oct. 19, 2011) (failure to postpone a foreclosure action until 30 days after a HAMP denial could be unfair under G.L. c. 93A). Furthermore, "an act or practice is deceptive if it possesses a tendency to deceive. In determining whether an act or practice is deceptive, regard must be had, not to fine spun distinctions and arguments that may be made in excuse, but to the effect which it might reasonably be expected to have upon the general public." *Leardi v. Brown*, 394 Mass. 151, 156, 474 N.E.2d 1094, 1099 (1985).

Here, Mr. Fulton is plainly eligible for a modification under the HAMP program but ASC has denied him based on incorrect math calculations and non-existent and unenforceable investor restrictions. Certainly, these actions fall within the penumbra of established concepts of unfairness.

Your organization's actions have also caused Mr. Fulton damages. His mortgage arrears increased, and any modification he ultimately receives will result in a higher principal balance and increased interest payments. He's suffered emotional and physical damages due to the fear and increased risk of losing his home, including complications from stress-induced asthma. And he's also incurred costs and attorney's fees.

Pursuant to G.L. c. 93A, § 9, Mr. Fulton therefore requests that your organization offers reasonable settlements within 30 days. I look forward to your response.

Sincerely,

Christopher M. Brine
Attorney

Encl.

cc:    Jason Fulton
       James Southard, Esq.

*AMERICA'S SERVICING CO.*
*RETURN MAIL OPERATIONS*
*PO BOX 10388*
*DES MOINES IA 50306-0388*



ᵗRECEIVED  MAY 0 6 2015

4SP        00001/000232/000001 0001  15 ACSXX5HP602 106
CHRISTOPHER M BRINE
CULIK LAW PC
18 COMMERCE WAY
SUITE 2850
WOBURN, MA  01801-1056





1081317009486HP602

*AMERICA'S SERVICING CO.*
*RETURN MAIL OPERATIONS*
*PO BOX 10388*
*DES MOINES IA 50306-0388*



04/30/15

ꞏꞏꞏꞏ|ꞏ|ꞏ|ꞏ||||ꞏꞏ|||ꞏ|ꞏ||ꞏꞏ|ꞏ|ꞏ||ꞏꞏ||||ꞏꞏꞏꞏ||||ꞏꞏꞏ||ꞏꞏ||||

4SP        00001/000232/000002 0001  15 ACSXX5HP602 106

CHRISTOPHER M BRINE
CULIK LAW PC
18 COMMERCE WAY
SUITE 2850
WOBURN, MA  01801-1056

| **Account Information** | |
|---|---|
| **Fax:** | 1-866-590-8910 |
| **Telephone:** | 1-800-416-1472 |
| **Correspondence:** | PO Box 10335 |
| | Des Moines, IA 50306 |
| **Hours of operation:** | Mon - Thurs, 7 a.m. - 9 p.m., |
| | Fri, 7 a.m. - 8 p.m., |
| | Sat, 8 a.m. - 4 p.m., CT |
| **Loan number:** | 1317009496 |
| **Property address:** | 18 BEACH STREET |
| | WOBURN MA, 01801 |

Subject: Action required regarding your client's Home Preservation review
Mortgagor(s): JASON FULTON
Loan number: 1317009496

Dear CHRISTOPHER M BRINE:

I have enclosed a copy of correspondence that must be passed along to your client which provides time sensitive information about a Home Preservation review on their property.

**Next steps required**
Please review the attached documents with next steps including any documentation needed to continue the review and ensure that you or your client responds within the given timeframes.

**I'm here to help**
As your client's home preservation specialist, I'm standing by to help with your client's needs. If you have any questions about the information in this letter, you can reach me at the phone number listed below.

Sincerely,

*Jannie Hall*

Jannie Hall
Home Preservation Specialist
America's Servicing Company
Ph: 1-8776852354 ext. 29322
Fax: 1-866-590-8910

Wells Fargo Home Mortgage, doing business as America's Servicing Company, is a division of Wells Fargo Bank, N.A.
© 2015 Wells Fargo Bank, N.A. All rights reserved. NMLSR ID 399801





| Account Information | |
| --- | --- |
| **Fax:** | 1-866-590-8910 |
| **Telephone:** | 1-800-416-1472 |
| **Correspondence:** | PO Box 10335 |
| | Des Moines, IA 50306 |
| **Hours of operation:** | Mon - Thurs, 7 a.m. - 9 p.m., |
| | Fri, 7 a.m. - 8 p.m., |
| | Sat, 8 a.m. - 4 p.m., CT |
| **Loan number:** | 1317009496 |
| **Property address:** | 18 BEACH STREET |
| | WOBURN MA, 01801 |

04/30/15


JASON FULTON


18 BEACH STREET


WOBURN, MA  01801


PLEASE NOTE: This notice is being provided for informational purposes only. As a result of at least one bankruptcy case filing that included the above referenced account, America's Servicing Company is NOT attempting in any way to violate any provision of the United States Bankruptcy Code or to collect a debt (deficiency or otherwise) from any customer(s) who is impacted by an active bankruptcy case or has received a discharge, where the account was not otherwise reaffirmed or excepted from discharge. THIS IS NOT A BILL OR A REQUEST FOR PAYMENT AS TO THESE CUSTOMER(S). Your decision to discuss workout options with America's Servicing Company is strictly voluntary. You are not obligated to pursue any workout options discussed with us. At your request, we will immediately terminate any such discussions should you no longer wish to pursue these options.


Subject: Your request for assistance
Note: We service your mortgage on behalf of your investor, BAFC 2007-4.

Dear JASON FULTON:

We're responding to your request for assistance and the options that may be available to help you. We realize that the process can take some time, and we appreciate your patience while we review your options.

**Decision on the federal government's Home Affordable Modification Program (HAMP)**





HP602 106
000232/000003 ACSXX5 S1-EF-M1-C001

The Home Affordable Modification Program (HAMP) is a written agreement that modifies a customer's original loan terms to create more affordable payments. There are two separate groups of eligibility criteria under HAMP.

HAMP Tier 1: In general, this option may be available to customers whose loan is in default or imminent default (one or more payments are - or will soon be - more than 30 days late) on their primary residence. We carefully reviewed the information you provided us and at this time, you do not meet the requirements of HAMP Tier 1 because:

We do not have the contractual authority to modify your loan because of limitations in our servicing agreement.

HAMP Tier 2: This option may be available to customers who do not currently meet the qualifications for Tier 1 or may have previously received assistance under Tier 1. We carefully reviewed the information you provided us and at this time, you do not meet the requirements of HAMP Tier 2 because:

We do not have the contractual authority to modify your loan because of limitations in our servicing agreement.

We are unable to modify your mortgage based on the results of your net present value (NPV) evaluation.

Based on the documentation you provided, we are unable to reduce your principal and interest payment by 10% or more. We reached this decision by reviewing your monthly gross income which is calculated as $7,325.00, along with reviewing the other information you provided. Your gross monthly income is your income before taxes and other deductions.

**About the calculation required by the program**
In order for you to have qualified for this program, we were required by the government to calculate the net present value (NPV) for your modification. This calculation is based on a complex formula developed by the Department of the Treasury. We input certain financial information and combine it with information required by the Treasury to determine if the NPV is acceptable to the investor that owns your mortgage.

**Respond with any updates or changes**
We're providing you with specific inputs that were used in your NPV calculation. As you can see, some of the values are based on information that you provided to us as well as information we secured from your loan history file and third-party resources, such as credit bureaus.

**You have the right to appeal this decision**
Carefully read over this letter, which states America's Servicing Company's decision. If you believe the decision is incorrect and want to appeal the decision, you may submit your appeal request in writing or by phone.

If you choose to submit your appeal request in writing, we have enclosed an Appeal Request Form for your convenience. Or you can write a letter of your own that explains the reason you disagree with the





1081317009496HP602

decision.

You can initiate an appeal in one of three ways:
1. Fax your appeal request to 1-866-590-8910.

2. Mail your appeal request to:
1000 Blue Gentian Road,
Suite 300 MAC X9999-01N,
Eagan, MN 55121

3. Call 1-877-816-4914 and follow the prompts.

If you choose to submit your appeal request in writing, by fax or mail -- using the enclosed form or a letter of your own -- please specify which of these two options applies to you:

Option A. I want to appeal the decision I received. I have enclosed additional information for your consideration, and/or I have no further information to provide. I understand America's Servicing Company will review the decision immediately based on the additional information I have provided (if applicable), or on the information they currently have.

Option B. I will be appealing the decision I received. I will submit additional information for your consideration at a later time. I understand that if America's Servicing Company does not receive my additional information within 30 calendar days from the date of this letter, America's Servicing Company will immediately move forward with a review of the decision.

Appeal request guidelines:
· If you do not specify your intention for providing additional information, by selecting one of the two options above, we will follow the process described in Option B.
· If you are disputing the value of your property used in the decision, you must indicate the specific value you believe is more accurate.
· We must receive your appeal request, with any additional information (as applicable) within 30 calendar days from the date of this letter.
· After an appeal is initiated, if you selected Option B and we do not receive your additional information within 30 calendar days from the date of this letter, we will review the decision based on the information we have at that time.
· You may have recently received a separate communication regarding another review we completed. Our decision regarding that review may also be appealable, subject to the timelines and guidelines here.
· Be sure to include your loan number on your appeal request and any additional information.
· If you choose to initiate your request by phone, make sure to have your loan number available and follow the phone prompts carefully.

Please note
After we receive your appeal request, you will receive a letter that confirms receipt of your request and outlines next steps in the appeal process. As your home preservation specialist, I remain available to assist you with any questions you may have about this letter, but you must initiate an appeal request in





HP602 106
000232/000005 ACSXX5 S1-EF-M1-C001

1081317009496HP602

one of the three ways listed above.

**Talk to me about your other options**
There may be other options available to help you avoid a foreclosure sale, provided you meet the requirements.

If you're interested in staying in your home, you may be eligible for help through a different assistance program. If you are eligible for an alternative assistance option, we will review your information and we will notify you separately of the result of that review.

Other options you may be interested in: If the amount you owe on your mortgage is higher than what you think you can sell your house for, you may want to consider what is known as a "short sale." This option could allow you to list your home for sale, for an amount that is less than you owe.

During the short sale process, you'll need to submit documentation to us that we will evaluate. For example, a short sale requires a purchase contract. Once we receive a purchase contract America's Servicing Company will review the terms of the contract and obtain the appraised value of the property.

If you are interested in a short sale, contact me right away. I can help explain the short sale process, guidelines and your eligibility.

If you are unable to sell your home or find a short sale is not the right alternative to foreclosure for you, another option to consider might be a deed in lieu of foreclosure, sometimes referred to as a Mortgage Release. If you are interested in a deed in lieu of foreclosure, please contact me right away so we can determine your eligibility and coordinate an appraisal and inspection of your property.

Keep in mind, if you accept a deed in lieu of foreclosure, you must agree to vacate the property within an agreed upon time.

**We're here for you**
I am available to help you and can be reached at the phone number listed below or by email at HAMPNonApprovalInquiry@wellsfargo.com. Please note: sending your documents via email is not a secure method of transmitting information.

Sincerely,

*Jannie Hall*

Jannie Hall
Home Preservation Specialist
America's Servicing Company
Ph: 1-8776852354 ext. 29322
Fax: 1-866-590-8910





**Contact us**

If you'd like to request information, notify us of an error, or share any concerns you may have about the servicing of your loan, please contact us at P.O. Box 10335, Des Moines, IA 50306.

---

**Get free counseling to help manage expenses and avoid foreclosure.**

Reach out to a local HUD-approved, non-profit housing counseling agency if you're struggling to keep up with monthly expenses, or want help to avoid foreclosure. At no cost, a counselor will work closely with you, providing the information and assistance you need. To find an agency near you, go to www.hud.gov/offices/hsg/sfh/hcc/fc. Or call 1-800-569-4287 (TDD 1-800-877-8339). You can also call HOPE Hotline at 1-888-995-HOPE (4673).

Be sure you avoid anyone who asks for a fee for counseling or a loan modification, or asks you to sign over the deed to your home, or to make your mortgage payments to anyone other than America's Servicing Company.

---

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is Bureau of Consumer Financial Protection, 1700 G Street NW., Washington DC 20006.

Wells Fargo Home Mortgage, doing business as America's Servicing Company, is a division of Wells Fargo Bank, N.A.
© 2015 Wells Fargo Bank, N.A. All rights reserved. NMLSR ID 399801





HP602 106
000232/000007 ACSXX5 S1-EF-MI-C001

1081317009496HP602

# Appeal Request Form

Carefully read over the letter that came with this form, which states America's Servicing Company's decision. If you believe our decision is incorrect and want to appeal the decision, we recommend you use this form to submit a written appeal.

**Important:**
- We must receive your written request for an appeal or a phone-initiated appeal request within 30 days from the date of this letter, or we will not move forward with a review of the decision. While not required, please provide any additional information (as applicable) that will help us look into your request.
- If you are disputing the value of your property used in the decision, you must indicate the specific value you believe is more accurate in your explanation below.

Please explain the reason you disagree with the decision.

_____
_____
_____
_____
_____
_____
_____

**Select and check the box that best applies to your request:**
( ) Option A. I want to appeal the decision I received. I have enclosed additional information for your consideration, and/or I have no further information to provide. I understand America's Servicing Company will review the decision immediately based on the additional information I have provided (if applicable), or on the information they currently have.

( ) Option B. I will be appealing the decision I received. I will submit additional information for your consideration at a later time. I understand that if America's Servicing Company does not receive my additional information within 30 days from the date of this letter, America's Servicing Company will immediately move forward with a review of the decision.

**Please note:** If you do not specify your intention for providing additional information by selecting one of the two options above, America's Servicing Company will follow the process described in Option B.

Be sure to include your loan number on any supporting documents.

JASON FULTON
1317009496
Primary contact phone number: _____
Other contact phone numbers: _____
_____
Best day and time to call: _____

| **Mail your appeal request to:** | **Or fax your appeal request to:** |
|---|---|
| 1000 Blue Gentian Road | 1-866-590-8910 |
| Suite 300 MAC X9999-01N | |
| Eagan, MN 55121 | |





1061317009496HP602

HP602 108
000232/000008 ACSXX5 S1-EF-M1-C001

# Net Present Value (NPV) Input Data Fields and Values

| Input Data Fields | Explanation |
|---|---|
| **I. Borrower Information** | |
| 1. Current Borrower Credit Score | This is your credit score as provided by one or more of the three national credit reporting agencies.* |
| 2. Current Co-borrower Credit Score | If a co-borrower is listed on your mortgage, this is the co-borrower's credit score as provided by one or more of the three national credit reporting agencies.* |
| 3. Monthly Gross Income | This is the total monthly income of all borrowers on your mortgage before any payroll deductions or taxes are taken out. |
| 4. Principal Residence Total Housing Expense | This is the total monthly housing expense (i.e., mortgage principal, interest, real estate taxes, insurance, and homeowners association fees, if any) for your principal residence and the principal residence(s) of any co-borrower(s). Note: This field only applies if your application for a HAMP modification is for a property that is not your principal residence. |
| *Note: A proxy score of 557 may be used if a credit bureau score is unavailable. A minimum score of 250 will be used if the credit bureau score received from the credit bureau agency is below 250.* | |
| **II. Property Information** | |
| 5. Property - State | This is the two-letter state code of the property securing the mortgage you are requesting to modify under HAMP. |
| 6. Property - Zip Code | This is the zip code of the property securing the mortgage you are requesting to modify under HAMP. |
| 7. Property Value | This is the estimated fair market value of the property securing the mortgage you are requesting to modify under HAMP. |
| 8. Property Valuation Type | This identifies the method by which the property securing the mortgage you are requesting to modify under HAMP was valued based on the Property Value (Field 7). 1 – Automated Valuation Model (AVM) 2 – Exterior Broker Price Opinion (BPO) / Appraisal (as is value) 3 – Interior BPO / Appraisal (as is value) |
| 9. Occupancy | This code identifies the occupancy status of the property securing the mortgage you are requesting to modify under HAMP. A code **1**, **3** or **4** is used for owner-occupied properties and a code **2** is used for properties that are not owner occupied. |
| 10. Property - Monthly Gross Rental Income | This is the monthly gross rental income (before taxes and deductions) from the property secured by the mortgage you are requesting to modify under HAMP. Note: This field only applies if your application for a HAMP modification is for a property that is not your principal residence. |
| **III. Mortgage Information** | |





HP602 105
000232/000009 ACS/XS S1-EF-M1-C001

1061317009498HP602

| Input Data Fields | Explanation |
|---|---|
| 11. Data Collection Date | This is the date we collected the unpaid principal balance and other data used in this NPV analysis. |
| 12. Imminent Default Flag | This is your default status as of the date you were evaluated (i.e., underwritten) for HAMP. At the time of evaluation:<br>• If you did not miss any payments, or less than two payments were due and unpaid by the end of the month in which they were due, and you suffered a verified financial hardship, you were considered to be in "imminent default." In this situation, the value in this field is **Y**.<br>• If two or more payments were due and unpaid by the end of the month in which they were due, the value in this field is **N** and imminent default does not apply. |
| 13. Investor Code | This code identifies the owner of the mortgage you are requesting to modify under HAMP.<br>1. Fannie Mae<br>2. Freddie Mac<br>3. Owned by a private investor other than Wells Fargo<br>4. Owned by Wells Fargo or an affiliated company<br>5. Ginnie Mae |
| 14. Unpaid Principal Balance at Origination | This is the amount of the mortgage you are requesting to modify under HAMP at the time it was originated (i.e., the amount you borrowed). |
| 15. First Payment Date at Origination | This is the date the first payment on the mortgage you are requesting to modify under HAMP was due after it was originated. |
| 16. Product Before Modification | This identifies the type of mortgage you held prior to your most recent application for a HAMP modification:<br><br>1. Adjustable Rate Mortgage (ARM) and/or Interest Only mortgage loan<br>2. Fixed Rate<br>3. Step Rate<br>4. One Step Variable<br>5. Two Step Variable<br>6. Three Step Variable<br>7. Four Step Variable<br>8. Five Step Variable<br>9. Six Step Variable<br>10. Seven Step Variable<br>11. Eight Step Variable<br>12. Nine Step Variable<br>13. Ten Step Variable<br>14. Eleven Step Variable<br>15. Twelve Step Variable<br>16. Thirteen Step Variable<br>17. Fourteen Step Variable |
| 17. Adjustable Rate Mortgage (ARM) Reset Date | This is the date the next Adjustable Rate Mortgage (ARM) reset was due to occur, as of the Data Collection Date (Field 11). This field applies only if the type of mortgage you held prior to your most recent application for a HAMP modification was an ARM loan. If you |



HP602 106
000232/000010 ACSXX5 S1-EF-M1-C001



1061317009486HP602

| Input Data Fields | Explanation |
|---|---|
| | did not have an ARM loan, this field will be blank. |
| 18. Next Adjustable Rate Mortgage (ARM) Reset Rate | This is the interest rate your mortgage was expected to change to, based on the next ARM reset date (Field 17). Please see your mortgage loan documentation for information on how your mortgage rate is recalculated at its reset date.<br><br>Note: If the reset date on your ARM loan is within 120 days of the Data Collection Date (Field 11), the value in this field is the expected interest rate on your mortgage at the next reset date. If the reset date on your ARM loan is more than 120 days from the Data Collection Date, the value in this field is the interest rate at the time of the NPV evaluation. |
| 19. Unpaid Principal Balance Before Modification | This is the unpaid amount of principal (money you borrowed) on the mortgage you are requesting to modify under HAMP, as of the Data Collection Date (Field 11). It does not include any unpaid interest or other amounts that you may owe. |
| 20. Interest Rate Before Modification | This is the interest rate on the mortgage you are requesting to modify under HAMP, as of the Data Collection Date (Field 11). Please review your mortgage loan documentation (including any modification documentation, if previously modified) for information on the interest rate of your mortgage. |
| 21. Remaining Term (# of Payment Months Remaining) | This is the remaining number of months you have left to pay under the original term of the mortgage you are requesting to modify under HAMP, as of the Data Collection Date (Field 11). Please review your mortgage loan documentation (including any modification documentation, if previously modified) for information the term of your mortgage. |
| 22. Principal and Interest Payment Before Modification | This is the amount of principal and interest you were scheduled to pay each month as of the Data Collection Date (Field 11). |
| 23. Monthly Real Estate Taxes | This is the monthly cost of your real estate taxes. If your taxes are paid annually, this amount will be $1/12^{th}$ of the annual cost. |
| 24. Monthly Hazard and Flood Insurance | This is the monthly cost of your hazard and flood insurance coverage. If your insurance is paid annually, this amount will be $1/12^{th}$ of the annual cost. |
| 25. Homeowners Association Dues/Fees | This is your monthly homeowners' or condominium association fee payments, any future monthly escrow shortages or a rent payment (if you have been displaced and are paying rent on a residence that you don't own, while seeking a modification on your primary residence). If your homeowners' or condominium association fee payments are paid annually, this will be $1/12^{th}$ of the annual cost. |
| 26. Months Past Due | This is the number of mortgage payments you would have had to make in order to make your mortgage current as of the Data Collection Date (Field 11). |





HP602 106
000232/000011 ACS/XS S1-EF-M1-C001

1061317000496HP602

| Input Data Fields | Explanation |
|---|---|
| 27. Mortgage Insurance Coverage Percent | This is the percentage of private mortgage insurance coverage on the mortgage you are requesting to modify under HAMP. If you do not have private mortgage insurance, this field is blank. |
| 28. Capitalized UPB Amount | This is the capitalized unpaid principal balance amount that includes all outstanding principal, accrued interest, and escrow advances, as of the Data Collection Date (Field 11). |

**IV. Proposed Modification Information**

The fields below describe the proposed HAMP modification that was calculated by your servicer according to the HAMP program guidelines (subject to investor restrictions) that were used in your Net Present Value (NPV) evaluation.

| | |
|---|---|
| 29. NPV Date | This is the initial date that the NPV evaluation was conducted on the mortgage you are requesting to modify under HAMP. |
| 30. Modification Fees | This is the total amount of costs and fees that would have been paid by the investor (owner) of your loan, if you had been approved for a HAMP modification. This includes expenses such as notary fees, property valuation, credit report, and other required fees. |
| 31. Mortgage Insurance Partial Claim Amount of the Proposed HAMP Modification | This identifies any mortgage insurance payout amount as part of the proposed HAMP modified mortgage. This amount is at the discretion of your mortgage insurance company. Note: This field will be zero if you were not approved for a trial period plan or HAMP modification because of a negative NPV result. |
| 32. Unpaid Principal Balance of the Proposed HAMP Modification (Net of Forbearance & Principal Reduction) | This is the beginning principal balance on which you would have been required to pay interest, if you had received a HAMP modification. It is likely to be different than your current principal balance because it includes amounts you owe for missed mortgage payments and unpaid expenses that are allowed to be added (capitalized) to your principal balance. Also, it may be reduced by proposed principal forbearance (Field 36) or proposed principal forgiveness (Field 37). |
| 33. Interest Rate of the Proposed HAMP Modification | This is the starting interest rate of the proposed HAMP modified mortgage. This rate is fixed for at least the first 5 years after the modification. |
| 34. Amortization Term of the Proposed HAMP Modification | This is the number of months left to pay on the proposed HAMP modified mortgage. |
| 35. Principal and Interest Payment of the Proposed HAMP Modification | This is the amount of the monthly principal and interest payment on the proposed HAMP modified mortgage. |
| 36. Principal Forbearance Amount of the Proposed HAMP Modification | This is the amount of principal your investor was willing to forbear on the proposed HAMP modified mortgage. You would have still owed this amount, but you would not have been charged interest on it and no payments would have been due on this amount until you paid off your mortgage. |
| 37. Principal Forgiveness Amount of the Proposed HAMP Modification | This is the amount of principal your investor was willing to forgive under the proposed HAMP modified mortgage. |





1081317009496HP602

| Input Data Fields | Explanation |
|---|---|
| 38. Unpaid Principal Balance of the Proposed HAMP Modification (Net of Forbearance & Principal Reduction) | This is the beginning principal balance, as of the Data Collection Date (Field 11), on which you would have been required to pay interest if you had received a HAMP modification. It is likely to be different than your current principal balance because it includes amounts you owe for missed mortgage payments and unpaid expenses that are allowed to be added (capitalized) to your principal balance. Also, it may be reduced by proposed principal forbearance (Field 42), or the amount calculated by the NPV model under the standard modification or proposed principal forgiveness (Field 39). |
| 39. Principal Forgiveness Amount of the Proposed HAMP Modification | This field identifies the amount of principal your investor was willing to forgive under the proposed HAMP modified mortgage. |
| 40. Interest Rate of the Proposed HAMP Modification | This is the fixed interest rate of the proposed HAMP modified mortgage. Note: This field only applies if the owner of your mortgage provides for a different interest rate than would be provided under the standard HAMP Modification. |
| 41. Amortization Term of the Proposed HAMP Modification | This is the number of months left to pay on the proposed HAMP modified mortgage. Note: This field only applies if the owner of your mortgage provides for a different amortization term than would be provided under the standard HAMP Modification. |
| 42. Principal Forbearance Amount of the Proposed HAMP Modification | This is the amount of principal forborne on the proposed HAMP modified mortgage. You would have still owed this amount, but you would not have been charged interest on it and no payments would have been due on this amount until you paid off your loan. Note: This field only applies if the owner of your mortgage provides for a different forbearance amount than would be provided under the standard HAMP Modification. |
| 43. Investor Override for Modification | This code indicates whether the owner of your mortgage provides for different terms than would be provided under the standard HAMP Modification. If there are terms other than the standard terms, the value in this field is **Y**. If not, the value in this field is **N**. |





# Net Present Value (NPV) Input Data Values

| | Input Data Field | Customer Data |
|---|---|---|
| 1 | Current Borrower Credit Score | 519 |
| 2 | Current Co-borrower Credit Score | NA |
| 3 | Monthly Gross Income | $7,325.00 |
| 4 | Principal Residence Total Housing Expense | NA |
| 5 | Property - State | MA |
| 6 | Property - Zip Code | 01801 |
| 7 | Property Value | $395,000.00 |
| 8 | Property Valuation Type | BrokersPriceOpinion |
| 9 | Occupancy | 3 |
| 10 | Property - Monthly Gross Rental Income | NA |
| 11 | Data Collection Date | 04/30/15 |
| 12 | Imminent Default Flag | 0 |
| 13 | Investor Code | 04 |
| 14 | Unpaid Principal Balance at Origination | $408,000.00 |
| 15 | First Payment Date at Origination | 04/01/07 |
| 16 | Product Before Modification | FixedRate |
| 17 | Adjustable Rate Mortgage (ARM) Reset Date | NA |
| 18 | Next Adjustable Rate Mortgage (ARM) Reset Rate | NA |
| 19 | Unpaid Principal Balance Before Modification | $433,522.97 |
| 20 | Interest Rate Before Modification | 4.00000% |
| 21 | Remaining Term (# of Payment Months Remaining) | 428 |
| 22 | Principal and Interest Payment Before Modification | $1,820.03 |
| 23 | Monthly Real Estate Taxes | $401.19 |
| 24 | Monthly Hazard and Flood Insurance | $178.25 |
| 25 | Homeowners Association Dues/Fees | $496.52 |
| 26 | Months Past Due | 47 |
| 27 | Mortgage Insurance Coverage Percent | 0.00000% |
| 28 | Capitalized UPB Amount | $517,121.59 |
| 29 | NPV Date | 04/30/15 |
| 30 | Modification Fees | $0.00 |
| 31 | Mortgage Insurance Partial Claim Amount of the Proposed HAMP Modification | $0.00 |
| 32 | Unpaid Principal Balance of the Proposed HAMP Modification (Net of Forbearance & Principal Reduction) | $0.00 |
| 33 | Interest Rate of the Proposed HAMP Modification | NA |
| 34 | Amortization Term of the Proposed HAMP Modification | NA |





HP602 106

000232/000014 ACS/005 S1-EF-M1-C001

1061317009496HP602

| 35 | Principal and Interest Payment of the Proposed HAMP Modification | **$0.00** |
|----|------------------------------------------------------------------|-----------|
| 36 | Principal Forbearance Amount of the Proposed HAMP Modification | **NA** |
| 37 | Principal Forgiveness Amount of the Proposed HAMP Modification | **NA** |
| 38 | Unpaid Principal Balance of the Proposed HAMP Modification (Net of Forbearance & Principal Reduction) | **NA** |
| 39 | Principal Forgiveness Amount of the Proposed HAMP Modification | **NA** |
| 40 | Interest Rate of the Proposed HAMP Modification | **NA** |
| 41 | Amortization Term of the Proposed HAMP Modification | **NA** |
| 42 | Principal Forbearance Amount of the Proposed HAMP Modification | **NA** |
| 43 | Investor Override for Modification | **Y** |

*NOTE: A proxy score of 557 may be used if a credit bureau score is unavailable. A minimum score of 250 will be used if the credit bureau score received from the credit bureau agency is below 250.





Page 1 of 7

AMERICA'S SERVICING CO.
RETURN MAIL OPERATIONS
PO BOX 10388
DES MOINES IA 50306-0388

**RECEIVED  MAY 0 6 2015**



04/30/15

ıldı·ı|ı··ı|ıı·ı·ı|ıı·ıqıılıılı·ıqıı·ıılqılı·ı·ıılıılıı·ıl

2SP      00041/000227/000241 0001   7 ACSXX5HP601 106
CHRISTOPHER M BRINE
CULIK LAW PC
18 COMMERCE WAY
SUITE 2850
WOBURN, MA  01801-1056

| Account Information | |
|---|---|
| Fax: | 1-866-590-8910 |
| Telephone: | 1-800-416-1472 |
| Correspondence: | PO Box 10335 |
| | Des Moines, IA 50306 |
| Hours of operation: | Mon - Thurs, 7 a.m. - 9 p.m., |
| | Fri, 7 a.m. - 8 p.m., |
| | Sat, 8 a.m. - 4 p.m., CT |
| Loan number: | 1317009496 |
| Property address: | 18 BEACH STREET |
| | WOBURN MA, 01801 |

Subject: Action required regarding your client's Home Preservation review
Mortgagor(s): JASON FULTON
Loan number: 1317009496

Dear CHRISTOPHER M BRINE:

I have enclosed a copy of correspondence that must be passed along to your client which provides time
sensitive information about a Home Preservation review on their property.

**Next steps required**
Please review the attached documents with next steps including any documentation needed to continue
the review and ensure that you or your client responds within the given timeframes.

**I'm here to help**
As your client's home preservation specialist, I'm standing by to help with your client's needs. If you
have any questions about the information in this letter, you can reach me at the phone number listed
below.

Sincerely,

*Jannie Hall*

Jannie Hall
Home Preservation Specialist
America's Servicing Company
Ph: 1-8776852354 ext. 29322
Fax: 1-866-590-8910

Wells Fargo Home Mortgage, doing business as America's Servicing Company, is a division of Wells Fargo Bank, N.A.
© 2015 Wells Fargo Bank, N.A. All rights reserved. NMLSR ID 399801





HP601 106
000227/000241 ACSJOOS S1-E6-M1-C001

| **Account Information** | |
|---|---|
| Fax: | 1-866-590-8910 |
| Telephone: | 1-800-416-1472 |
| Correspondence: | PO Box 10335 |
| | Des Moines, IA 50306 |
| Hours of operation: | Mon - Thurs, 7 a.m. - 9 p.m., |
| | Fri, 7 a.m. - 8 p.m., |
| | Sat, 8 a.m. - 4 p.m., CT |
| Loan number: | 1317009496 |
| Property address: | 18 BEACH STREET |
| | WOBURN MA, 01801 |

04/30/15

JASON FULTON

18 BEACH STREET

WOBURN, MA  01801

PLEASE NOTE: This notice is being provided for informational purposes only. As a result of at least one bankruptcy case filing that included the above referenced account, America's Servicing Company is NOT attempting in any way to violate any provision of the United States Bankruptcy Code or to collect a debt (deficiency or otherwise) from any customer(s) who is impacted by an active bankruptcy case or has received a discharge, where the account was not otherwise reaffirmed or excepted from discharge. THIS IS NOT A BILL OR A REQUEST FOR PAYMENT AS TO THESE CUSTOMER(S). Your decision to discuss workout options with America's Servicing Company is strictly voluntary. You are not obligated to pursue any workout options discussed with us. At your request, we will immediately terminate any such discussions should you no longer wish to pursue these options.

Subject: Your request for assistance
Note: We service your mortgage on behalf of your investor, BAFC 2007-4.

Dear JASON FULTON:

We're responding to your request for assistance and the options that may be available to help you. We realize that the process can take some time, and we appreciate your patience while we review your options.

**Here's what we found**





1061317009496HP601

HP601 106
000227/000242 ACSXX5 S1-E6-M1-C001

We carefully reviewed the information you provided us, which included a process that compared your information to the qualifications for assistance associated with your loan. Here is the result of that review.

Program name: Cap-to-Reinstate
Program description: A Cap-to-Reinstate Modification Plan provides relief to customers who are delinquent by adding the past-due balance into the customer's mortgage principal, which is eventually paid off by the modified payment amount.

At this time, you do not meet the requirements of this program because:
Based on the documentation you provided, we are unable to create an affordable mortgage payment that still meets the requirements of the program. We reached this decision by reviewing your monthly gross income, which is calculated as $7,325.00, along with reviewing the other information you provided. Your gross monthly income is your income before taxes and other deductions.

You or a co-borrower have reached the allowable number of modifications.

We do not have the contractual authority to modify your loan because of limitations in our servicing agreement.

Program name: Loan Modification
Program description: A loan modification is a written agreement that modifies a customer's original loan terms to create more affordable payments. This home preservation option is available to customers whose loan is in default or imminent default (one or more payments are -- or will soon be -- more than 30 days late) and whose debt-to-income ratio meets product qualification guidelines.

At this time, you do not meet the requirements of this program because:
You or a co-borrower have reached the allowable number of modifications.

We do not have the contractual authority to modify your loan because of limitations in our servicing agreement.

Program name: Repayment Plan
Program description: A repayment plan is a home preservation option for a customer who is able to make larger-than-normal monthly mortgage payments but cannot pay the outstanding balance due in a lump sum to bring their delinquency current. The repayment plan allows a financially able customer to bring their delinquency current within an agreed-upon period. At the end of the repayment plan period, the customer goes back to making their normal monthly mortgage payments.

At this time, you do not meet the requirements of this program because:
Any available mortgage assistance programs would conflict with the terms of your current bankruptcy plan or increase your payment.

Once we determined that you did not meet the requirements for a particular program, we did not continue to evaluate that program based on other criteria related to your loan type or information you





HP601 106
000227/000243 ACS3005 S1-E6-M1-C001

1061317009496HP601

may have supplied. Instead we moved to evaluate you for the next available program based on your information and the qualifications associated with your loan.

**You have the right to appeal this decision**
Carefully read over this letter, which states America's Servicing Company's decision. If you believe the decision is incorrect and want to appeal the decision, you may submit your appeal request in writing or by phone.

If you choose to submit your appeal request in writing, we have enclosed an Appeal Request Form for your convenience. Or you can write a letter of your own that explains the reason you disagree with the decision.

You can initiate an appeal in one of three ways:
1. Fax your appeal request to 1-866-590-8910.

2. Mail your appeal request to:
1000 Blue Gentian Road,
Suite 300 MAC X9999-01N,
Eagan, MN 55121

3. Call 1-877-816-4914 and follow the prompts.

If you choose to submit your appeal request in writing, by fax or mail -- using the enclosed form or a letter of your own -- please specify which of these two options applies to you:

Option A. I want to appeal the decision I received. I have enclosed additional information for your consideration, and/or I have no further information to provide. I understand America's Servicing Company will review the decision immediately based on the additional information I have provided (if applicable), or on the information they currently have.

Option B. I will be appealing the decision I received. I will submit additional information for your consideration at a later time. I understand that if America's Servicing Company does not receive my additional information within 30 calendar days from the date of this letter, America's Servicing Company will immediately move forward with a review of the decision.

Appeal request guidelines:
· If you do not specify your intention for providing additional information, by selecting one of the two options above, we will follow the process described in Option B.
· If you are disputing the value of your property used in the decision, you must indicate the specific value you believe is more accurate.
· We must receive your appeal request, with any additional information (as applicable) within 30 calendar days from the date of this letter.
· After an appeal is initiated, if you selected Option B and we do not receive your additional information within 30 calendar days from the date of this letter, we will review the decision based on the information we have at that time.
· You may have recently received a separate communication regarding another review we completed.





HP601 106
000227/000244 ACSXX5 S1-E6-M1-C001

Our decision regarding that review may also be appealable, subject to the timelines and guidelines here.
· Be sure to include your loan number on your appeal request and any additional information.
· If you choose to initiate your request by phone, make sure to have your loan number available and follow the phone prompts carefully.

Please note
After we receive your appeal request, you will receive a letter that confirms receipt of your request and outlines next steps in the appeal process. As your home preservation specialist, I remain available to assist you with any questions you may have about this letter, but you must initiate an appeal request in one of the three ways listed above.

**Talk to me about your other options**
There may be other options available to help you avoid a foreclosure sale, provided you meet the requirements.

If the amount you owe on your mortgage is higher than what you think you can sell your house for, you may want to consider what is known as a "short sale." This option could allow you to list your home for sale, for an amount that is less than you owe.

During the short sale process, you'll need to submit documentation to us that we will evaluate. For example, a short sale requires a purchase contract. Once we receive a purchase contract America's Servicing Company will review the terms of the contract and obtain the appraised value of the property.

If you are interested in a short sale, contact me right away. I can help explain the short sale process, guidelines and your eligibility.

If you are unable to sell your home or find a short sale is not the right alternative to foreclosure for you, another option to consider might be a deed in lieu of foreclosure, sometimes referred to as a Mortgage Release. If you are interested in a deed in lieu of foreclosure, please contact me right away so we can determine your eligibility and coordinate an appraisal and inspection of your property.

Keep in mind, if you accept a deed in lieu of foreclosure, you must agree to vacate the property within an agreed upon time.

**We're here for you**
If you have any questions about the information in this letter please call me at the phone number listed below.

Sincerely,

*Jannie Hall*

Jannie Hall
Home Preservation Specialist





1081317009496HP601

HP601 106

000227/000245 ACSXX5 S1-E6-M1-C001

America's Servicing Company
Ph: 1-8776852354 ext. 29322
Fax: 1-866-590-8910

**Contact us**
If you'd like to request information, notify us of an error, or share any concerns you may have about the servicing of your loan, please contact us at P.O. Box 10335, Des Moines, IA 50306.

**Get free counseling to help manage expenses and avoid foreclosure.**
Reach out to a local HUD-approved, non-profit housing counseling agency if you're struggling to keep up with monthly expenses, or want help to avoid foreclosure. At no cost, a counselor will work closely with you, providing the information and assistance you need. To find an agency near you, go to www.hud.gov/offices/hsg/sfh/hcc/fc. Or call 1-800-569-4287 (TDD 1-800-877-8339). You can also call HOPE Hotline at 1-888-995-HOPE (4673).

Be sure you avoid anyone who asks for a fee for counseling or a loan modification, or asks you to sign over the deed to your home, or to make your mortgage payments to anyone other than America's Servicing Company.

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is Bureau of Consumer Financial Protection, 1700 G Street NW., Washington DC 20006.

Wells Fargo Home Mortgage, doing business as America's Servicing Company, is a division of Wells Fargo Bank, N.A.
© 2015 Wells Fargo Bank, N.A. All rights reserved. NMLSR ID 399801





# Appeal Request Form

Carefully read over the letter that came with this form, which states America's Servicing Company's decision. If you believe our decision is incorrect and want to appeal the decision, we recommend you use this form to submit a written appeal.

**Important:**
- We must receive your written request for an appeal or a phone-initiated appeal request within 30 days from the date of this letter, or we will not move forward with a review of the decision. While not required, please provide any additional information (as applicable) that will help us look into your request.
- If you are disputing the value of your property used in the decision, you must indicate the specific value you believe is more accurate in your explanation below.

Please explain the reason you disagree with the decision.

_____
_____
_____
_____
_____
_____

**Select and check the box that best applies to your request:**
( ) Option A. I want to appeal the decision I received. I have enclosed additional information for your consideration, and/or I have no further information to provide. I understand America's Servicing Company will review the decision immediately based on the additional information I have provided (if applicable), or on the information they currently have.

( ) Option B. I will be appealing the decision I received. I will submit additional information for your consideration at a later time. I understand that if America's Servicing Company does not receive my additional information within 30 days from the date of this letter, America's Servicing Company will immediately move forward with a review of the decision.

**Please note:** If you do not specify your intention for providing additional information by selecting one of the two options above, America's Servicing Company will follow the process described in Option B.

Be sure to include your loan number on any supporting documents.

JASON FULTON
1317009496
Primary contact phone number: _____
Other contact phone numbers: _____
_____
Best day and time to call: _____

**Mail your appeal request to:**          **Or fax your appeal request to:**
1000 Blue Gentian Road                    1-866-590-8910
Suite 300 MAC X9999-01N
Eagan, MN 55121





HP601 108
000227/000247 ACS/XX5 S1-E8-M1-C001

Jason Fulton
Loan No. 1317009496



Page 7 of 7

# Appeal Request Form

Carefully read over the letter that came with this form, which states America's Servicing Company's decision. If you believe our decision is incorrect and want to appeal the decision, we recommend you use this form to submit a written appeal.

**Important:**
- We must receive your written request for an appeal or a phone-initiated appeal request within 30 days from the date of this letter, or we will not move forward with a review of the decision. While not required, please provide any additional information (as applicable) that will help us look into your request.
- If you are disputing the value of your property used in the decision, you must indicate the specific value you believe is more accurate in your explanation below.

Please explain the reason you disagree with the decision.
Please see the enclosed written appeal and supporting documents.
_____
_____
_____
_____
_____
_____

**Select and check the box that best applies to your request:**

[X] Option A. I want to appeal the decision I received. I have enclosed additional information for your consideration, and/or I have no further information to provide. I understand America's Servicing Company will review the decision immediately based on the additional information I have provided (if applicable), or on the information they currently have.

( ) Option B. I will be appealing the decision I received. I will submit additional information for your consideration at a later time. I understand that if America's Servicing Company does not receive my additional information within 30 days from the date of this letter, America's Servicing Company will immediately move forward with a review of the decision.

**Please note:** If you do not specify your intention for providing additional information by selecting one of the two options above, America's Servicing Company will follow the process described in Option B.

Be sure to include your loan number on any supporting documents.

JASON FULTON
1317009496
Primary contact phone number: (617) 830-1795 x58 (Culik Law PC)
Other contact phone numbers: _____

Best day and time to call:  8am-4pm est Monday-Friday

**Mail your appeal request to:**
1000 Blue Gentian Road
Suite 300 MAC X9999-01N
Eagan, MN 55121

**Or fax your appeal request to:**
1-866-590-8910





HP801 105
C0022X00224T AC8XX5 81-23-441-C001

05/21/2015

Jason Fulton
Loan No. 1317009496

# CULIK LAW PC

Champion Your Rights.*

18 COMMERCE WAY, SUITE 2850
WOBURN, MASSACHUSETTS 01801

P  (617) 830 1795
F  (617) 830 1576

culiklaw.com

May 21, 2015

VIA FAX (866) 590-8910

America's Servicing Company
1000 Blue Gentian Road
Suite 300 MAC X9999-01N
Eagan, MN 55121

**Re:    Jason Fulton**
**18 Beach Street, Woburn, Massachusetts 01801**
**Loan No. 1317009496**

Dear Sir or Madam:

This office represents the above-referenced borrower. Please note the enclosed authorization and direct any further communication to me.

Your organization has committed an error in the process of servicing this mortgage. Specifically, it improperly denied Mr. Fulton's recent request for a mortgage modification under the Home Affordable Modification Program (HAMP). A copy of two separate denials for this application are enclosed (collectively, **Exhibit A**), which states that ASC denied Mr. Fulton's application because: (1) it was unable to create a modified payment under program requirements based on Mr. Fulton's calculated gross monthly income of $7,325; (2) it does not have contractual authority to modify the loan due to limitations in its servicing agreement; (3) Mr. Fulton has exceeded the allowable number of modifications; and (4) the net present value (NPV) evaluation was negative. As discussed below, each of these claimed rationales are incorrect.

ASC's denials state that it services Mr. Fulton's mortgage on behalf of an investor, BAFC 2007-4. The pooling and servicing agreement for this trust is publicly available at http://www.sec.gov/Archives/edgar/data/934377/000137943407000114/ex4_1.txt.

Jason Fulton
Loan No. 1317009496

### I.    HAMP Waterfall Calculation

HAMP follows a multi-step process for evaluating a homeowner for a loan modification. The goal is to reduce a homeowner's monthly mortgage payment of principal, interest, taxes, insurance, and homeowners association or condo does (PITIA) to 31% of the gross monthly income (the Target Payment). This payment reduction is accomplished by following a series of steps that modifies different aspects of the loan until the Target Payment is reached.

First, the past-due amounts are capitalized, giving the homeowner a new principal balance. Second, the interest rate is reduced by increments of 0.125% to achieve a PITIA payment as close as possible to the Target Payment. If the second step does not reduce the PITIA payment to the Target Payment then the third step is taken. Third, the term of the loan is extended from 30 years (the term of most mortgages) to a maximum of 40 years. Finally, if the Target Payment still is not reached, the borrower can forbear up to 30% of the principal balance, putting it "on the back of the loan" so that the borrower does not pay interest on it. The homeowner must still repay this amount when the loan matures, or when the loan is refinanced or the house sold.

In this case, ASC calculated Mr. Fulton's monthly income to be $7,325. The Target Payment, 31% of income, then, was $2,270.75. The recapitalized mortgage balance would be $517,121.59, and the current unmodified interest rate is 4.00%

Additionally, the total annual real estate taxes are $4,814.27 and the annual homeowner's insurance premium is $2,139, making the monthly prorated escrow payment $579.44. There are no homeowner's association dues/fees.

Therefore, under the standard HAMP Tier 1 waterfall, this loan should have been modified as follows. First, the past-due amounts should have been capitalized, resulting in a new principal balance of $517,121.59. Second, the interest rate should be reduced to 2.00%. Third, the term of the mortgage should have been extended to 434 months. No principal forbearance would have been required. These steps would have resulted in a total monthly payment of $2,254.35, which is approximately the same amount as the Target Payment.

Accordingly, Mr. Fulton contends that ASC improperly determined that a modified payment could not be calculated within HAMP guidelines.

2

## II.   Investor Restriction

ASC also stated that Mr. Fulton's modification request was denied because it lacked authority to modify the loan under investor guidelines. As previously stated, however, the Pooling and Servicing Agreement for this loan is publicly available at http://www.sec.gov/Archives/edgar/data/934377/000137943407000114/ex4_1.txt.

Rather than prohibiting modifications, this Agreement makes clear that modifications can in fact be offered to delinquent borrowers such as Mr. Fulton. Specifically, Section 5.09(e) states:

> None of the Master Servicer, the Securities Administrator, the Trustee or any Servicer shall, unless the Mortgagor is in default with respect to the Mortgage Loan or such default is, in the judgment of the Servicer, reasonably foreseeable, permit any modification with respect to any Mortgage Loan that would (i) change the Mortgage Interest Rate, defer or forgive the payment thereof of any principal or interest payments, reduce the Stated Principal Balance (except for actual payments of principal) or extend the final maturity date with respect to such Mortgage Loan, (ii) affect adversely the status of any REMIC as a REMIC or (iii)cause any REMIC to be subject to a tax on "prohibited transactions" or "contributions" pursuant to the REMIC Provisions.

Accordingly, Mr. Fulton contends that ASC improperly determined that it lacked contractual authority to modify Mr. Fulton's loan due to restrictions in its servicing agreement.

## III.   Number of Modifications

ASC further stated that Mr. Fulton's modification request was denied be he has reached the allowable number of modifications. Mr. Fulton previously received a non-HAMP modification. (**Exhibit B.**) However, there is no such limitation the Pooling and Servicing Agreement and a prior non-HAMP modification should have no bearing on current HAMP eligibility. (*See* MHA Handbook, ch. ll, § 1.1.2, *HAMP Tier 1 Eligibility Criteria*).

Accordingly, Mr. Fulton contends that ASC improperly determined that Mr. Fulton had exceeded the number of allowable modifications of his loan.

## IV.   NPV Analysis

Finally, ASC stated that Mr. Fulton's modification request was denied based on the results of his net present value analysis. ASC's NPV Input Data Values were provided with its denial.

3

Upon review of those inputs, it should be noted that Mr. Fulton does not have any homeowner's association dues/fees (**Exhibit C.**) ASC's determination that he pays $496.52 per month for such dues/fees was an error. When adjusted for this error, a corrected NPV analysis would confirm that Mr. Fulton should be approved for a modification.

Accordingly, Mr. Fulton contends that ASC improperly determined that Mr. Fulton's modification request could not be approved based on an NPV evaluation.

## V.   Conclusion

Based on the above-referenced errors, Mr. Fulton requests that he be approved for a modification. This request is made pursuant to Regulation X, 12 C.F.R. § 1024.41(h).

Sincerely,

Christopher M. Brine
Attorney

Encl.

4

Page 2 of 3

*AMERICA'S SERVICING CO.*
*RETURN MAIL OPERATIONS*
*PO BOX 10388*
*DES MOINES IA 50306-0388*



**EXHIBIT**
**C**



06/02/15

Jason R Fulton

18 Beach Street
Woburn, MA 01801

| **Account Information** | |
|---|---|
| Online: | mortgageaccountonline.com |
| Fax: | (866) 359-7363 |
| Telephone: | (800) 842-7654 |
| Correspondence: | PO Box 10335 |
| | Des Moines, IA 50306 |
| Hours of operation: | Mon - Fri, 8 a.m. - 5 p.m., CT |
| | |
| Loan number: | 1317009496 |
| Property address: | 18 Beach Street |
| | Woburn MA 01801 |

PLEASE NOTE: This notice is being provided for informational purposes only. As a result of at least one bankruptcy case filing that included the above referenced account, America's Servicing Company is NOT attempting in any way to violate any provision of the United States Bankruptcy Code or to collect a debt (deficiency or otherwise) from any customer(s) who is impacted by an active bankruptcy case or has received a discharge, where the account was not otherwise reaffirmed or excepted from discharge. THIS IS NOT A BILL OR A REQUEST FOR PAYMENT AS TO THESE CUSTOMER(S). Your decision to discuss workout options with America's Servicing Company is strictly voluntary. You are not obligated to pursue any workout options discussed with us. At your request, we will immediately terminate any such discussions should you no longer wish to pursue these options.

Subject: Decision on your loan modification and next steps

Dear Jason R Fulton:

In response to your appeal request, we have completed a review of the decision we made about your mortgage.

**Here's what we found**
After carefully reviewing the information we currently have, we have determined that you still do not meet the requirements for a loan modification.

**Talk to me about your other options**
There may be other options available to help you avoid a foreclosure sale, provided you meet the requirements.

If the amount you owe on your mortgage is higher than what you think you can sell your house for, you may want to consider what is known as a "short sale". This option could allow you to list your home for sale, for an amount that is less than you owe.

During the short sale process, you'll need to submit documentation to us that we will evaluate. For example, a short sale requires a purchase contract. Once we receive a purchase contract America's Servicing Company will review the terms of the contract and obtain the appraised value of the property.





1061317009496BKS10

BKS10 105
000063/000126 ACTHW S1-ET-M1-C001

| **Account Information** | |
|---|---|
| Loan number: | 1317009496 |
| Property address: | 18 Beach Street Woburn MA 01801 |

If you are interested in a short sale, contact me right away. I can help explain the short sale process, guidelines and your eligibility.

If you are unable to sell your home or find a short sale is not the right alternative to foreclosure for you, another option to consider might be a deed in lieu of foreclosure, sometimes referred to as a Mortgage Release. If you are interested in a deed in lieu of foreclosure, please contact me right away so we can determine your eligibility and coordinate an appraisal and inspection of your property.

Keep in mind, if you accept a deed in lieu of foreclosure, you must agree to vacate the property within an agreed upon time.

**We're here for you**
If you have any questions about our reviewed decision, or want to discuss other options to avoid foreclosure, please call the phone number below.

Sincerely,

*Jannie Hall*

Jannie Hall
Home Preservation Specialist
America's Servicing Company
Ph: 1-877-685-2354 ext. 29322
Fax: 1-866-590-8910

---

**Get free counseling to help manage expenses and avoid foreclosure.**
Reach out to a local HUD-approved, non-profit housing counseling agency if you're struggling to keep up with monthly expenses, or want help to avoid foreclosure. At no cost, a counselor will work closely with you, providing the information and assistance you need. To find an agency near you, go to **www.hud.gov/offices/hsg/sfh/hcc/fc**. Or call **1-800-569-4287** (TDD 1-800-877-8339). You can also call the HOPE hotline 1-888-995-HOPE (4673).

Be sure you avoid anyone who asks for a fee for counseling or a loan modification, or asks you to sign over the deed to your home, or to make your mortgage payments to anyone other than America's Servicing Company.

---

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is Bureau of Consumer Financial Protection, 1700 G Street NW., Washington DC 20006.

Wells Fargo Home Mortgage, doing business as America's Servicing Company, is a division of Wells Fargo Bank, N.A.
© 2015 Wells Fargo Bank, N.A. All rights reserved. NMLSR ID 399801





1091317009496BK810

RECEIVED SEP 0 1 2015

# ORLANS | MORAN

ORLANS | MORAN
P.O. BOX 540540
Waltham, MA 02454
P 781-790-7800  F 781-790-7801
Business Hours: 9:00 AM – 5:00  PM ET


**EXHIBIT**
**D**

August 31, 2015

Christopher M. Brine, Esq.
Culik Law, P.C.
18 Commerce Way, Suite 2850
Woburn, MA 01801

>       Re: Demand Pursuant to Massachusetts General Laws, Chapter 93A
>       Jason Fulton
>       18 Beach Street, Woburn, MA  01801

Dear Attorney Brine:

Attached please find a response to your demand letter on behalf of Jason
Fulton pursuant to Massachusetts General Laws, Chapter 93A. Please do not hesitate
to contact me or Attorney Murphy with any questions or concerns. Thank you.

Respectfully,

Leanna Blicker
Litigation Paralegal
ORLANS MORAN PLLC
P.O. Box 540540
Waltham, MA 02454
781-790-7800
Our File #: 15-005509

# ORLANS | MORAN

ORLANS | MORAN
P.O. BOX 540540
Waltham, MA 02454
P 781-790-7800  F 781-790-7801
Business Hours: 9:00 AM – 5:00 PM ET

**BY OVERNIGHT MAIL, EMAIL
AND FACSIMILE (617) 830-1576**

August 31, 2015

Christopher M. Brine, Esq.
Culik Law, P.C.
18 Commerce Way, Suite 2850
Woburn, MA 01801

Re:     Demand Pursuant to Massachusetts General Laws, Chapter 93A
        Jason Fulton
        18 Beach Street, Woburn, MA 01801

Dear Attorney Brine:

I represent Wells Fargo Bank, N.A. ("Wells Fargo") regarding the first mortgage on the property located at 18 Beach Street, Woburn, Massachusetts ("the Property"). This loan is serviced by America's Servicing Company ("ASC") on behalf of the investor, U.S. Bank National Association, as Trustee for Banc of America Funding Corporation 2007-4.[1] I am in receipt of your letter dated July 10, 2015 on behalf of Jason Fulton, which states that it is a demand under G.L. c. 93A, the Massachusetts Consumer Protection Act (hereinafter "Chapter 93A").

As a preliminary matter, Wells Fargo contests that your letter constitutes a sufficient demand letter as required by Chapter 93A. As the Supreme Judicial Court has stated, a demand letter listing the specific deceptive practices claimed is a prerequisite to suit and as a special element must be alleged and proved. *Spring v. Geriatric Auth. of Holyoke*, 394 Mass. 274, 287 (1985). It is Wells Fargo's position that your letter fails to meet this requirement. Without waiving any claims that the letter does not comply with the requirements of Chapter 93A and pertinent Massachusetts law, however, please accept this letter as Wells Fargo's response to your demand letter on behalf of Wells Fargo, ASC, and the investor, to the extent that your letter asserts allegations against any of these entities.

---

[1] For purposes of this response, Wells Fargo, ASC, and the investor shall be referred to collectively as "Wells Fargo."

Christopher M. Brine, Esq.
August 31, 2015
Page 2

On or about August 21, 2015, Jeff Will of ASC responded to your July 10, 2015 letter,
and Wells Fargo incorporates that response herein by reference. A copy of ASC's
August 21, 2015 response is attached hereto as Exhibit "A."

To reiterate the information contained in this letter, Wells Fargo again asserts that Mr.
Fulton is not qualified for the requested loan modification. In fact, based upon the
calculations conducted by ASC, even if the loan could be modified, such a modification
would have been futile, as it would have resulted in a monthly payment increase of
approximately $100.00. Additionally, while you are correct that this investor does permit
modification of loan under certain circumstances, the investor does not allow the
capitalization of either escrow advances or corporate advances, which are in excess of
$26,000.00 on this loan.

One issue that you raise in your letter that bears explanation relates to the entry on the
Net Present Value Input Data Values form provided with the denial that indicates that
Mr. Fulton pays homeowner's association dues/fees in the amount of $496.52. This
figure is not actually for homeowner's association dues/fees. Rather, this field on the
NPV Input Data Values sheet is also a field where the escrow shortage amount is placed
for lack of a better field. This would not have affected the calculation of the net present
value, but rather merely reflects a $496.52 escrow shortage.

Finally, your letter claims that the actions of Wells Fargo, ASC, and/or the investor have
resulted damages to Mr. Fulton, however such damages are not adequately described,
identified, or substantiated in such a way as to allow for a response. On the contrary,
Wells Fargo asserts that any damages which Mr. Fulton claims to have suffered are the
result of his own actions. Following the modification of the loan in December, 2010, Mr.
Fulton defaulted on the terms of the modified loan after only five payments, and the loan
is currently due for the June 1, 2011 payment. It is inconceivable that Mr. Fulton is
claiming that Wells Fargo's actions have cause him damage, when any such damage is
the clear result of Mr. Fulton's breach of his obligations.

In summary, Wells Fargo strongly denies that any actions, whether by Wells Fargo, ASC,
or the investor, with regard to Mr. Fulton's loan on the Property were unfair or deceptive.
The claimed violations of Chapter 93A contained in your letter are unsupported either
factually or legally. Throughout Mr. Fulton's dealings with Wells Fargo, Wells Fargo
has operated with the utmost good faith and fair dealing, and has given every
consideration to Mr. Fulton's loan modification request. Therefore, Wells Fargo will
vigorously defend any litigation which Mr. Fulton may commence against it.

Christopher M. Brine, Esq.
August 31, 2015
Page 3

Thank you for your courtesy in this matter, and please do not hesitate to contact me should you have any questions or need any further assistance.

Very truly yours,

Daniel P. Murphy
Direct Line: (781) 790-7841
dmurphy@orlansmoran.com

.

# EXHIBIT "A"



**ASC**
AMERICA'S SERVICING COMPANY

PO Box 10335
Des Moines, IA 50306-0328

August 21, 2015

Christopher M. Brine
Culik Law PC
18 Commerce Way, Suite 2850
Woburn, MA 01801

Subject: Resolution to your inquiry regarding mortgage loan for Jason R. Fulton

Dear Christopher M. Brine:

Thank you for the opportunity to address your concerns. We've carefully researched this matter and are providing you with a response.

**In your inquiry you requested we address the following:**

- HAMP waterfall calculation
- Investor restriction
- Number of modifications
- Net present value analysis

Please find our responses to the issues raised by your inquiry address below.

**HAMP waterfall calculation**

If we were able to modify, it would have increased the payment around $100. Being in bankruptcy, we do not increase their payment because they still have a hardship, yet obviously show the affordability to make their current payment.

**Investor restriction**

This investor does not allow us to capitalize escrow advances or corporate advances. This amount is currently showing to be $26,425.31. Therefore, if there are advances and the borrower does not show the ability to pay the fees, it will be denied. The Servicing Advances and the costs incurred by the Servicer, if any, in effecting the timely payments of taxes and assessments on the Mortgaged Properties and related insurance premiums, shall not be added to the Stated Principal Balances of the related Mortgage Loans, notwithstanding that the terms of such Mortgage Loans so permit.

Fulton
August 21, 2015
Page 2

## Number of modifications

The borrower had one prior modification, December 2010. The past modification converted the loan from an ARM to a FIXED rate, reduced the interest rate from 6.875% to 4.0%, extended the maturity date from March 02, 2037, to December 02, 2050, and capitalized $27,478.49. The first payment effective date for that modification was January 01, 2011. The customer is due for the June 01, 2011, payment, which means he only made 5 payments towards that modification.

## Net present value analysis

Lastly, the current net present value is negative $29,220; we are only allowed to approve up to $5,000.

## Going forward

If you have any questions about the information in this letter, please contact me directly at 1-800-853-8516, extension 85094. I am available to assist you Monday through Friday, 8:00 a.m. to 5:00 p.m. Central Time. If you require immediate assistance and I am unavailable, other representatives are available to assist you at 1-800-853-8516, Monday through Friday, 7:00 a.m. to 7:00 p.m. Central Time.

Sincerely,

Jeff Will
Executive Mortgage Specialist
Customer Care and Recovery Group

If you have received a discharge and the loan was not reaffirmed in the bankruptcy case, we will only exercise our rights against the property and are not attempting any act to collect the discharged debt from you personally.

EX003/QEF/co1458197/ge4049474/cl106

**UPS CampusShip: View/Print Label**

1. **Ensure there are no other shipping or tracking labels attached to your package.** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the solid line below.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

   **Customers without a Daily Pickup**
   Take your package to any location of The UPS Store®, UPS Access Point(TM) location, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services(SM) (including via Ground) are also accepted at Drop Boxes. To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.
   Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   Hand the package to any UPS driver in your area.

| UPS Access Point™ | UPS Access Point™ | UPS Access Point™ |
|---|---|---|
| THE UPS STORE | THE UPS STORE | THE UPS STORE |
| 464 COMMON ST | 15 MAIN ST | 738 MAIN ST |
| BELMONT ,MA 02478 | WATERTOWN ,MA 02472 | WALTHAM ,MA 02451 |

FOLD HERE

LEANNA BLICKER
781/790-7837
ORLANS MORAN
465 WAVERLEY OAKS ROAD
WALTHAM MA 02452

1 LBS          1 OF 1

SHIP TO:
CHRISTOPHER M. BRINE, ESQ.
CULIK LAW, P.C.
18 COMMERCE WAY, SUITE 2850
WOBURN MA 01801-1056

MA 018 9-04

UPS NEXT DAY AIR 1
TRACKING #: 1Z V46 95A 01 9316 3067

BILLING: P/P

Package Type Code: LIT
File #: 15-005509

CS 17.5.27.   WXTNV50 66.0A 07/2015